# WHEELING.

TURNBULL *v.* CLIFTON COAL Co. *et. al.*

Submitted January 16, 1882.   Decided March 11, 1882.

1. Where it appears, that the plaintiff has taken a deposition in a cause, and that the defendant has had reasonable notice of the time and place of taking such deposition, or that the defendant cross-examined the witness, and also that the clerk of the court officially endorsed or entered upon such deposition the time, when it was filed, and such deposition appears by such endorsement or entry to have been filed, before the cause was heard and decree entered, and such deposition supports the decree appealed from, the Appellate Court may (there being nothing else in the way) hold, that the omission to recite in the decree, that the cause was heard upon depositions or the equivalent, or in any way to refer to depositions, is a mere clerical mistake, and that the deposition was in fact read and considered by the court below at the hearing of the cause; and the Appellate Court may in such case read and consider such deposition in reviewing the decree appealed from.   But no fixed rule for universal guidance can with safety be laid down for all cases, that may arise.   The exercise of some discretion must be left to the court to meet the demands of justice under the different facts and circumstances and their nature, which may appear in the different cases, in which the subject may arise. (p. 305.)

2. It is proper, though not indispensible, for the clerk of the court, when depositions are filed in his office by either party to a cause, to officially enter or endorse upon them the time, when they were filed, and to verify such entry or endorsement with his official signature.   (p. 309.)

3. Such an entry or endorsement may be treated by the Appellate Court as an authorized official act.   (p. 309).

Appeal from and *supersedeas* to a decree of the circuit court of the county of Mason, rendered on the 21st day of April, 1880, in a cause in said court then pending, wherein Edward Turnbull was plaintiff, and the Clifton Coal Company and others were defendants.   Allowed upon the petition of said defendants.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

HAYMOND, JUDGE, furnishes the following statement of the case :

This is a bill filed by the plaintiff in the circuit court of Mason county to enforce a lien alleged to have been acquired

by the plaintiff upon real .property for material furnished by the plaintiff to the defendant, the Clifton Coal Company, under contract, under the provisions of the 2d, 3d, 4th, 5th, 6th, 7th, 8th, 9th and 10th sections of chapter 139 of the Acts of the Legislature passed November 25, 1873. See Acts of 1872-73, pp. 460, 461, 462. In the bill it is alleged substantially, that the plaintiff is a mechanic and artisan, and that he on the 25th day of June, 1878, commenced furnishing to the said coal-company by virtue and in pursuance of a verbal contract made between him and the said coal-company the materials mentioned and described in the account filed with the bill and as part thereof marked "A"; that said materials were so furnished pursuant to said contract for the purpose of and were used in the altering and repairing of the building and appurtenances thereto belonging known as the Bedford salt-furnace, situated on a parcel of land containing two acres and one hundred and fifty-six poles, in Waggener district in the said county of Mason ; the said parcel of land is described in the bill by metes and bounds and is alleged to be the same real estate, buildings and appurtenances mentioned and described in said Exhibit "A." The bill also alleges, that the said coal-company, at the time of making said contract for the purchase of said materials to alter and repair said buildings and appurtenances, was the owner of said real estate, together with the buildings and appurtenances thereon, as more fully appears from a certified copy of a deed for said property filed with the bill as an exhibit marked " B." The plaintiff further alleges, that within thirty days from the time, when he ceased to furnish said materials, he filed with the clerk of the county court of said Mason county a just and true account of the amount due and owing him from the said coal-company, after allowing all credits together with a description of the property intended to be covered by said lien with the name of the owner of said property as above described; that said account was subscribed and sworn to by the plaintiff; that on the 17th day of August, 1878, said account was duly recorded in the mechanics' lien book in the clerk's office of the county court of said Mason county in book No. 1, pages 86, &c., as required by law, as appears by said exhibit "A;" that this suit was commenced on the 15th day of

January, 1879, and within six months from the filing of said account with the clerk of said county court. And the bill charges, that there is due and owing from said coal-company to him the sum of $881.30; that no part thereof has been paid; and that the same is a valid and subsisting lien against the said land and buildings and appurtenances thereon. The bill prays, that the said tract of land may be sold to pay off and satisfy the plaintiff's said claim to the amount of $881.30 with interest thereon from the 17th day of August, 1878, and for general relief.

The exhibit "A" filed with the plaintiff's bill is an official copy of the account of the plaintiff filed by him with the clerk of the county court of said county of Mason to be entered of record by the clerk in a book kept by him for the purpose according to the 2d section of chapter 139 of the Acts of the Legislature of 1872–3, and according to this account and the certificate of the clerk the plaintiff commenced delivering the materials therein mentioned on the 25th day of June, 1878, and ceased after the 18th day of July of that year, but delivered a part of the material charged in said account on the said 18th day of July amounting to $476.52, and the said account was admitted to record by said clerk on the 17th day of August, 1878. This account on its face is stated to be a just and true account of the amount due the plaintiff for the materials furnished by him in said account specified after allowing all credits. With said account it appears the plaintiff filed a description of the property intended to be covered by the lien sufficiently accurate for identification, and the name of the said Clifton Coal Company as being the owner thereof. The account was subscribed by the plaintiff and was sworn to by him: In a word this account and description of property, &c., as recorded seems in substance and form to come up to all the requirements of said 139th chapter of said Acts of 1872-3 touching that subject. The metes and bounds of said land and the quantity filed with said account correspond with that stated in the bill, and also with that stated in said exhibit " B," which is a deed from the Bedford Salt Company of the county of Mason conveying to the said Clifton Coal Company among other things the said parcel of land containing two acres and one hundred

and fifty-six poles by metes and bounds.  This deed is dated the 30th of April, 1872, and was admitted to record in the Recorder's office of said county of Mason on the 21st day of May, 1872.

It appears, that the said Clifton Coal Company filed its answer to the bill in the said circuit court on the 25th day of April, 1879, to which the plaintiff filed a general replication. In this answer the said Coal Company replies and states in substance as follows: that it may be true, that the plaintiff is a mechanic and artisan, but denies, that the plaintiff on the 25th day of June, 1878, commenced furnishing to it by virtue of and in pursuance of a verbal contract entered into and made between it and plaintiff the materials mentioned in the account marked " A " and filed with plaintiff's bill, or that said materials were so furnished pursuant to the contract aforesaid for the purpose, or that they were used in the altering and repairing of the building and appurtenances thereto belonging, known as the Bedford Salt Furnace, situated on the real estate in the bill described.  But the respondent says, that it has been in the habit of purchasing copper, not from the plaintiff individually, but from him and his partner by the name of Smith, who did business under the name of Turnbull & Smith, and that in the month of March, 1878, it purchased a bill of copper from said Turnbull & Smith amounting to the sum of $438.11; that on the 25th day of June, 1878, it purchased another bill of copper from said Turnbull & Smith, amounting to the sum of $684.78; and on the 18th day of July, 1878, it purchased another bill of copper from said Turnbull & Smith, amounting to $280.00; but that each of said purchases was a separate and distinct transaction, having no connection with the others in any manner whatever; that said Turnbull & Smith so considered them, and rendered to it their separate bills for said copper, which it files with its answer as exhibits marked " H," " M," and " N."  It also denies, that the account filed in the clerk's office of the county court of Mason county on the 17th day of August, 1878, and sworn to by the plaintiff created any lien upon its real estate.  It also denies, that the plaintiff is the legal owner of the claim asserted in his bill.  It also says, that said bills of copper being purchased at different times,

and each purchase being a separate and distinct contract, the bill for $648.78 was purchased June 25, from said Turnbull & Smith and more than thirty days elapsed after that date before said account was filed in the clerk's office.

There appears in the record as before us the depositions of the plaintiff, of Fletcher C. Lanham and of H. M. Smith, which appear to have been taken by and before B. M. Corde, who certifies himself to be a notary public for the county of Meigs and State of Ohio, at the law office of J. U. Myers, an attorney of Pomeroy, in the said county of Meigs, on the 3d day of October, 1879, between the hours of 8 A. M. and 5 P. M., to be read as evidence on behalf of the plaintiff in a certain suit in chancery depending in the circuit court of Mason county, West Virginia, wherein Edward Turnbull is plaintiff, and The Clifton Coal Company, a corporation, Samuel Bradbury, J. W. Chesnut, T. A. Plants and C. Sehon are defendants. Notice of the time and place of the taking of these depositions appears in the record, and it also appears, that said notice was served on the defendants a reasonable time before the day appointed in the notice, and upon which the depositions were taken. And it also appears, that the clerk of said circuit court endorsed upon said depositions in his official capacity, that they were received by mail and filed on the 4th day of October, 1879. The caption to the depositions states, that they were taken pursuant to a notice thereto annexed. No exception to the reading of said depositions appears in the record here; nor is there anything before us to indicate, that they were ever filed in the cause, except the fact, that the clerk of the circuit court has copied them with his said endorsement into the transcript of the record certified by him, and which is before us.

It appears, that on the 21st day of April, 1880, at a circuit court of said county of Mason the court made and entered a decree of sale therein, and in this decree it is recited, that " this cause came on this day to be heard upon the bill and exhibits therewith filed, the separate answer of The Clifton Coal Company, and the plaintiff's replication thereto, and the bill regularly set for hearing and taken for confessed as to the defendants Samuel Bradbury, J. W. Chesnut, T. A. Plants and C. Sehon, trustees, they still failing to appear, plead, an-

swer or demur, process having been duly served and executed on said last named defendants and on The Clifton Coal Company. On consideration whereof the court is of opinion, that the mechanic's lien mentioned and described in complainant's bill in exhibit "A" filed therewith is a valid and subsisting lien on the property in said lien set forth, and that said plaintiff is entitled to the relief prayed for."

The court then proceeded in this decree to decree, that the plaintiff recover, of the Clifton Coal Company the sum of $953.97 including interest to the 15th day of April, 1880, as being the amount due the plaintiff on the mechanic's lien set forth and described in plaintiff's bill and filed as exhibit "A" therewith. And the court further decreed, that unless the said coal-company do within thirty days from the rising of the court pay off and satisfy the said debt of $953.97 together with the costs of the suit including a stated fee of $15.00, as allowed by law, that the land with the buildings and appurtenances thereto known as the Bedford Salt Furnace and described in exhibits "A" and "B" filed with plaintiff's bill, &c., be sold, &c., and appointed James B. Menager special commissioner to make the sale, &c. This decree does not state, that the cause was heard upon *depositions* and in fact no reference whatever is made therein to any depositions. No other depositions are copied into the record or in any manner appear to have been taken by any of the parties; and it does not appear in any way, that any of the defendants were present personally or by attorney at the taking of the depositions, to which I have above referred, but on the contrary thereof it is stated on the face of said depositions, that the plaintiff was present by his counsel J. U. Myers, and that no one appeared for defendants. The said depositions, to which I have referred as being copied into the record, considered together substantially and sufficiently prove the plaintiff's case in connection with the exhibits filed with the bill, to which I have referred, and sustain and authorize said decree; but if the said depositions cannot be read by this court under the circumstances in relation thereto, to which I have referred, then there is not sufficient evidence in the record to sustain said decree.

From and to this decree the defendants upon their petition have heretofore obtained from this Court an appeal and su-

*persedeas;* and thus the said decree is before this Court for review, &c.

*J. W. English* for appellants cited the following authorities:   Code, ch. 134, § 4; 9 West Va. 681; 4 Min. Inst. 1198, 1199; 22 Gratt. 146; 8 West Va. 384; 45 N. Y. 776; Acts 1872-3, ch. 139, §§ 2, 3.

*Menager & Hogg* for appellee cited the following authorities:   Acts 1872-3, ch. 139; 22 Gratt. 146; 4 Min. Inst. 1198, 1199; 15 Gratt. 83, 98, 99; 8 West Va. 384, 386; 2 Cow. 605; 6 Cow. 690; 2 Hill 356; 17 Wend. 339; 25 Wend. 697; 3 Denio 16; 19 Conn. 381; 118 Mass. 502; 2 Wall. 190; 1 Tex. 107; 52 Ala. 452.

HAYMOND, JUDGE, announced the opinion of the Court:

It being insisted by the counsel for the appellants, that this Court cannot properly read the depositions, to which I have referred, because it does not appear in said decree of sale, &c., that the cause was heard *upon depositions,* it is readily seen from what has gone before, that the first question to be considered by this Court is, whether in reviewing said decre we can read said depositions in support thereof.   We are not without authority bearing upon this subject.   In the case of *Shumate* v. *Dunbar,* 6 Munf. 430, the syllabus as prepared by the reporter is:   "1. If it be stated in the transcript of a decree in chancery, that ' the cause came on to be heard on the bill, answer and exhibits,' such hearing must be understood to have been in *exclusion of the depositions* contained in the record, no proof appearing of *notice* of the time and place of taking these depositions.   2. In such case, if the answer deny the equity in the bill and be not impugned by the *exhibits,* a decree in favor of the plaintiff should be reversed and the bill dismissed."   No opinion of the court in this case appears; but the decree of the court is given which is as follows:   " This case having come on upon the bill, answer and *exhibits* in exclusion of the depositions contained in the record, and the answer having denied the equity in the bill; the decree is to be reversed, and the bill dismissed, but without prejudice to any suit the appellees may be advised to bring against *Armistead Shumate,* or against him and any person

other than the present appellant." From the language of the reporter employed in this decree, the court would have read the depositions, if it had appeared, that there was *notice* of the time and place of taking the same.

In the case of *Nelson's adm'r* v. *Cornwell*, 11 Gratt. 724, Judge Moncure in delivering the opinion of the court at page 741 says: "The decree recites, that the cause came on to be heard on the bills, answers, exhibits and award, saying nothing of the commissioner's report and depositions, which seem therefore to be no part of the record, according to the case of *Shumate* v. *Dunbar*, 6 Munf. 430."

In the case of *Day* v. *Hale et als.*, and *Hale* v. *Hare et als.*, 22 Gratt. 146, the first section of the syllabus is: "When depositions are taken and filed in a cause, both parties having been present when they were taken, and the decree is obviously based upon them, the omission to refer to them in the decree will be considered a clerical mistake; and the cause will be considered as having been heard upon them as well as upon the other papers." In these cases Judge Anderson delivered the opinion of the court and at pages 159 and 160 he says: "The next assignment of error we shall notice is, that the decree not stating, that the cause was heard upon depositions, they should be excluded from consideration; and the answers being responsive to the bill and denying its material allegations, it should have been dismissed. The record shows, that depositions were taken by both parties, and that both parties were present at the taking of the depositions, and cross-examined each other's witnesses; and it appearing from the entry of the clerk, that the depositions were filed in the cause before the hearing, and the decree being evidently founded upon the evidence, it is fair to presume, that it was a clerical omission in drawing the decree, and that the cause was heard upon the depositions. The case of *Shumate* v. *Dunbar*, 6 Munf. 430, is not very fully reported. But it was a suit against an absent defendant, and it was incumbent on the court to see, that the proceedings against him were regular and proper; and it not appearing in the record that any notice had been given to him of the time and place of taking the depositions, either by publication or otherwise, the court would not look into them. If this were an error, it might have been corrected in the

court below on motion.   A decree cannot be reversed however for want of a replication to the answer, when the defendant has taken depositions, as if there had been a replication.   Nor shall a decree be reversed at the instance of a party, who has taken depositions, for an informality in the proceedings, when it appears, that there was a full and fair hearing upon the merits, and that substantial justice has been done.   Code, ch. 181, § 4, p. 743.   We are therefore of opinion that this objection shall be overruled."

Minor in the 4th vol. part 2 of his Institutes at pp. 1198 and 1199 says:   "The decree ought to show on its face, *upon what the cause was heard,* e. g., the bill, answer, replication thereto, and exhibits, or as many of them as constituted the foundation of the decree, without, however, reciting their contents, as was formerly the practice in England ; and so rigorously is this rule insisted upon, independently of statute, that when the answer denied the allegations of the bill, and a general replication thereto was filed, and depositions taken *impugning the truth of the answer,* whereupon a decree was pronounced against the defendants ; yet, because in the decree, the cause was stated to have been heard upon the *bill, answer and exhibits,* saying nothing of the replication, or of the depositions, the decree *was reversed,* as if there really had not been either replication or depositions. *Shumate* v. *Dunbar,* 6 Munf. 431 ; see *Nelson* v. *Cornwell,* 11 Gratt. 741.   This seems, however, to be at all events *stricto jure,* and hardly to be reconciled with the liberal usages which distinguished proceedings in equity, and at present is quite incompatible with the statute of *jeofails in causes in equity,* which provides (V. C. 1873, ch. 177 § 4), that "no decree shall be reversed for want of a replication to the answer, where the defendant has taken depositions, as if there had been a replication ; nor shall a decree be reversed at the instance of a party who has taken *depositions,* for an informality in the proceedings, where it appears, that there was a full and fair hearing upon the merits."   *Day* v. *Hale,* 22 Gratt. 160.

The last named provision was the law in Virginia prior to the decision of the case of *Nelson's adm'r* v. *Cornwell,* 11 Gratt. *ubi supra.*   See Code of Va. of 1849, p. 743 § 4; 14 Gratt. 131.

This same provision is in force with us and constitutes the 4th section of chapter 134 of the Code of this State of 1868.

In the case of *Camden* v. *Haymond,* 9 West Va. 680 and 690, this Court held according to the last section of the syllabus as prepared by the Court, that "if a decree recites, that the cause came on to be heard on bill, answer and general replication thereto, and an appeal is taken from such decree, and depositions had been taken to sustain the answer and copied in the record, these depositions will not be read or considered in the Appellate Court." Judge Green, in delivering the opinion of the Court in this case at page 690, says: "There are appended to the record several depositions, designed to sustain these allegations in the answer of·Camden ; but the recitals in the decree of January 24, 1874, of what the cause was heard upon, shows that it was not heard on these depositions. Why it was not heard on these depositions also does not appear, but in the absence of any objection to their exclusion being made in the circuit court, this Court cannot regard their exclusion as any error. And not having been read in the court below, they cannot be read or considered in this Court. *Shumate* v. *Dunbar,* 6. Munf. 431."

It does not appear in this case what were the facts in relation to the excluded depositions, but I presume they were not of the character appearing in the case at bar.

In the case of *Warren and wife* v. *Syme,* 7 W. Va. 474, it was held according to the 8th section of the syllabus prepared by the court, that "the clerk of the court, under the supervision of the court must ascertain the papers filed in a case or referred to in the order-book, as a part of the record ; though where the papers are identified, whether they may be considered as properly a part of the record the court alone can decide." In this case Judge Hoffman in delivering the opinion of the court at page 494 says : "Though the copies of the deeds from Hogshead to Nevins, from Points to Erskine and Mathews, from them to Henning and from him to Lewis, and the deed of partition between other persons and the plaintiffs are not specified in the bill or order-book as exhibits, and as far as appears here were not endorsed as such, they are in the transcript of the record, certified by the clerk of the

circuit court, and must be regarded as exhibits recited in the decree, as read on the hearing."

It does not appear by the record in the case at bar, as it did in the case of *Day* v. *Hale et als.*, 22 Gratt. 146, 160, that depositions were taken by both parties, and that both parties were present at the taking of the depositions, and cross-examined each other's witnesses; but as we have seen it does appear, that the defendants had reasonable notice of the time and place of the taking of said depositions, and that the clerk of said circuit court did officially endorse upon the depositions the time when and manner how they were received and filed.  It appearing in this case in relation to the depositions in question, as I have above stated, I feel authorized in support of said decree to presume with satisfactory certainty, that the court below did read and consider the said depositions (nothing appearing against so doing except the fact, that the decree does not recite, that the cause was heard upon depositions or the equivalent thereof), and to consider the failure to recite in the decree, that the cause was heard upon depositions, was a mere clerical mistake, and to hold, that this Court may read and consider said depositions in reviewing said decree.  I am of opinion for a number of manifest reasons, that it is proper though not indispensible for the clerk, when depositions are filed in his office by either party to a cause, to officially endorse or enter upon them the time, when they were filed, and to verify such endorsement with his official signature.  Such an endorsement or entry I could feel authorized with some safety to consider as an authorized official act of the clerk and give it some weight and consideration in determining, whether the omission to recite in a decree, that the cause was heard upon depositions, should be considered by this Court as being a mere clerical mistake.

I am of opinion, that when it appears, that the opposite party was duly notified or cross-examined the witness, and also, that the clerk of the court endorsed or entered upon the depositions the time, when they were filed, and the depositions appear by such endorsement to have been filed before the hearing of the cause, and the depositions support the decree appealed from, and I feel authorized (there being nothing else in the way) to hold, that the omission to recite in the

decree, that the cause was heard upon "depositions," or its equivalent or to in any way refer to depositions was a mere clerical mistake, and that the depositions were read and considered by the court below at the hearing of the cause, and that this Court may read and consider such depositions in reviewing the decree appealed from. This far at least the case in 22 Gratt. (*ubi supra*) goes in principle, as I think. But it seems to me, that no fixed rule for universal guidance can with safety be laid down upon the subject. The exercise of some discretion must be left to the Court to meet the demands of justice under the different facts and circumstances and their nature, which may appear in the different cases, in which the question may arise. It is however eminently proper, that the court shall take care in all cases touching this subject to avoid establishing by its decision any dangerous precedents. A record and every part of it is held by the courts to be a verity. It may sometimes be corrected in the mode and manner prescribed by law under certain circumstances; but seldom, if ever, can it be contradicted by evidence *aliunde*. Appellate Courts, it seems to me, act wisely when they exercise great care and caution in determining, what is a part of a record in a case before them and what is not. They should be careful in forming their conclusions and decisions upon this subject not to establish doctrines or principles, which will open the door to fraud and imposition upon them and a party or parties litigant in their courts by adding to or otherwise tampering with the record of cases before them. The general rules and principles governing courts of equity with us as to recitals in decrees as to what a cause is heard upon, is so well understood by our courts and the legal profession, that the omission of such recital in whole or part does not often occur by simple accident or inadvertance of the court or counsel, though we know it does sometimes so occur.

With us the rules, by which we determine, what is a part of a record in causes before us for review both at law and equity, are so liberal, that it may almost be said, that they are loose. If these rules, to cover what sometimes are called hard cases, are extended much further, they will indeed be loose; and in that event it will become doubtful, whether a record of the proceedings of a court of justice can with propriety be

called and treated as a verity. But be this as it may, I am of opinion from what appears in this cause, that the court below did read and consider the depositions at the hearing of this cause, and that therefore this Court may read and consider them in reviewing the decree appealed from.

A mechanic, builder, artisan, workman, laborer or other person who does do or perform any work or labor upon or furnish any material in the erection or construction of a house or other building on land or in altering or repairing any house or other building or its appurtenances by virtue of any contract with the owner thereof or his agents has a lien for the value of such labor and material upon such house or other building and its appurtenances and also upon the lot of land, upon which the same is situate, under the provisions of the 2d section of chapter 139 of the Acts of the Legislature of 1872-3.

It appears in this case, that the plaintiff within thirty days from the time he ceased to furnish the material in the bill mentioned filed with the clerk of the county court of the county of Mason, in which was the house or building, for the repair of which the material in the bill mentioned was furnished by the plaintiff and used by the defendant, a just and true account of the amount due him for said material after allowing all credits together with a description of the property covered by said lien sufficiently accurate for identification with the name of the owner (the said coal-company), which account was subscribed and sworn to by the plaintiff according to the provisions of the 3d section of said chapter 139. It also appears, that the clerk of the county court of said Mason county admitted said account with the oath of the plaintiff verifying the same together with the said description of the property to record in his office on the 17th day of August, 1878, and (as required by the 4th section of said chapter 139) within thirty days from the time plaintiff ceased to furnish the said material. See upon this subject *Mays* v. *Ruffner*, 8 West Va. 384 opinion of the court p. 386. The depositions filed by the plaintiff satisfactorily prove and establish his said account and claim in his bill mentioned for material furnished the said coal-company for the purpose in the bill mentioned, and that said material was delivered by

plaintiff to said company under and in pursuance of a verbal contract made between the plaintiff and said coal-company, as in the bill mentioned, and that the said company used the said material so delivered for the purpose in the bill mentioned.

Upon the whole it seems to me, that a full and fair hearing was had of this case in the court below, and that the decree appealed from is substantially just and right. For the foregoing reasons the decree of the circuit court of the county of Mason rendered in this cause on the 21st day of April, 1880, must be affirmed, and the appellant, the Clifton Coal Company, must pay to the appellee his costs about his defence in this court expended and damages according to law; and the cause must be remanded to the said circuit court for further proceedings therein to be had according to the rules and principles governing courts of equity.

The Other Judges Concurred.

Decree Affirmed.    Cause Remanded.