# CHARLESTON.

BLOSS v. HULL et al.

Submitted February 3, 1886—Decided February 13, 1886.

1. Depositions are copied into the transcript of the record of a chancery suit, with a memorandum of the clerk that they had been filed in the cause, but they are not referred to or recognized in any order or decree, nor does it appear in any manner that they were read on the hearing of the cause, and they do not tend to support the decree appealed from. HELD : Such depositions are no part of the record and can not be considered by the Appellate Court. (p. 505.)

2. Neither will a court of law nor a court of equity grant a new trial on the ground of after-discovered evidence, when such evidence goes merely to impeach the testimony of a witness on the former trial, nor to let in cumulative evidence as to matter which was principally controverted at the former trial. (p. 507.)

3. Equity will not enjoin a judgment at law on the ground of after-discovered evidence, when such evidence relates to a fact in issue on the trial at law, and in support of which testimony was offered on the former trial, unless it is of such a conclusive character, that, if it had been offered, it should have produced a different result. (p. 508.)

4. Equity will not relieve a party against a judgment at law on the ground of after-discovered evidence or a defence, of which he was ignorant, until after the judgment was rendered, unless he shows, that by the exercise of ordinary diligence he could not discover such evidence or defence, or that he was prevented from employing the same by fraud, accident or the act of the opposite party, unmixed with *laches* or negligence on his part. (p. 508.)

504           Bloss *v.* Hull.           [Sup. Ct.

5. Where relief in equity is sought against a judgment at law on the ground of usury, the bill must put the usury *directly* in issue. (p. 510)

*H. K. Shumate* for appellant.

*J. H. Ferguson* for appellee.

SNYDER, JUDGE:

Hiram Bloss and John Bloss executed their bond to James Hull for $582.52, dated September 13, 1849, and payable eleven months after date. On December 9, 1869, Hull brought an action of debt upon said bond in the circuit court of Wayne county. The defendants pleaded payment and filed specifications of payments. The case was not finally tried until March 1878, after the death of John Bloss, when the issues were tried by a jury which, "after allowing all just offsets," found a verdict of $733.11 for the plaintiff upon which the court, on March 8, 1878, rendered judgment against Hiram Bloss. Upon a bill exhibited by said Hiram Bloss in said circuit court an injunction was awarded, May 15, 1878, restraining said Hull and others from the enforcement of said judgment. On August 7, 1878, this injunction was dissolved by the court as having been improvidently awarded.

Subsequently, on January 22, 1881, Bloss, upon what is styled in the record an "amended and suppermental bill in the nature of a bill of review," obtained another injunction restraining the collection of said judgment. On April 5, 1881, this injunction was likewise dissolved, but by consent of the parties the bill was not then dismissed. The defendant Hull afterwards demurred to the bill and filed his answer thereto. The demurrer was overruled, and the plaintiff replied generally to said answer. And on May 1, 1882, the following decree was entered: "This cause coming on to be further heard on the papers heretofore filed, the decrees therein rendered and the answer of defendant Hull this day filed and the replication thereto, was set for hearing and was argued by counsel; upon consideration thereof and the court being of the opinion, that the plaintiff is not entitled to the relief prayed for in his bill, it is therefore adjudged, ordered and decreed that the said bill be dismissed, and it is further

adjudged, ordered and decreed that the defendant James Hull do recover of the plaintiff his costs in this behalf expended together with $15.00 as allowed by statute."

From this decree and the aforesaid decree of April 5, 1881, the plaintiff Bloss, obtained this appeal.

Depositions of the plaintiff and others taken on his behalf are copied into the transcript of the record, with a memorandum of the clerk that they had been filed in the cause March 23, 1881, but said depositions are not referred to or recognized in any order or decree of the court, nor is there anything in any order or decree to show that they were made a part of the record, or that they were read on the hearing of the cause; therefore according to the repeated decissions of this Court said depositions are no part of the record and can not be considered by the Appellate Court. *Camden* v . *Haymond*, 9 W. Va. 680; *Hill* v. *Procter*, 10 *Id.* 59; *Hilleary* v. *Thompson*, 11 *Id.* 113; *Park* v. *Petroleum Co.*, 25 *Id.* 108; *Handy* v. *Scott*, 26 *Id.* 710; *Nelson* v. *Cornwell*, 11 Gratt. 724; 4 Min. Inst. 1198.

The rule is qualified to some extent in *Day* v. *Hale*, 22 Gratt. 146, and *Turnbull* v. *Clifton Coal Co.*, 19 W. Va. 299. According to these cases, when depositions are taken and filed in the cause, and the decree is supported by and obviously based upon them, the omission to refer to them in the orders or decrees of the court will be considered a clerical mistake; and the cause will be treated as having been heard upon them as well as upon the other papers in the cause. *Warren* v. *Syme*, 7 W. Va. 474.

The decree in the case at bar is adverse to the facts attempted to be proved by these depositions of the plaintiff, and they in no manner support it, but on the contrary, so far as they could be regarded as having any force, they appear to be in opposition to the decrees appealed from, and therefore they do not come within the qualification, but must be disregarded by this Court under the general rule above stated.

Treating the cause then as having been heard upon the bill, answer of Hull and replication, the decrees appealed from are plainly right. Even if the bill could be regarded as containing allegations such as would entitle the plaintiff to relief in equity, still, as the answer denies every material
64

allegation of the bill, the burden of proving them was placed upon the plaintiff, and no proof being offered the decree dismissing the bill was necessarily proper and right. But if we disregard the answer and treat the cause as having been heard upon the bill alone, the decrees dissolving the injunction and dismissing the bill were neither of them erroneous.

The only complaint of the bill is, that upon the trial at law the jury failed to allow the appellant, Bloss, credit for a judgment for $384.00 recovered by him May 30, 1850, against J. L. Truman and another, which he claims was transferred to the appellee, Hull, and accepted by him as a payment on the bond upon which the judgment sought to be enjoined was recovered. This judgment was one of the specifications of payments filed and relied on by Bloss in the action at law. The bill avers, that on the trial at law Hull contended said Turman judgment was assigned to him for, and was used by him, to pay other notes of about $360.00 due to him from Bloss, and that it was not transferred or assigned to him as a payment on the bond of $582.52 sued on, that on said trial testimony was offered by him showing that Bloss had admitted such was the fact a short time before said action was brought; that Hull contended no part of the bond sued on had been paid except $100.00, the amount of two orders given by him, while on the other hand, the appellant contended the whole of said bond had been paid by the assignment to Hull of said Turman judgment and other payments mentioned in his plea in the action at law ; that the evidence before the jury was to a considerable extent conflicting, and that both the plaintiff and defendant, Hull and Bloss, and several others were sworn and examined as witnesses for the respective parties in regard to these matters on the trial. The bill avers as grounds for a new trial, that after the trial and judgment at law the plaintiff discovered the following material evidence, to wit : (1.) A note executed by him and John Bloss to Hull for $527.00, dated August 27, 1849, and due twelve months after date, which he avers was the consideration of the bond sued on, the latter having been given in lieu of it for the correction of an admitted mistake ; (2.) A bill of sale for negroes sold to plaintiff by one Ferguson, dated April 22, 1847 ; (3.) A note of plaintiff to said Ferguson for

$400.00 of the same date; (4.) A memorandum for plaintiff signed by J. L. Turman, dated December, 1848, which contains figures, but unintelligible of itself; and (5.) the judgment for $384.00, recovered by him against Turman and another. All these papers, except the Turman judgment which was in the clerk's office, the bill states were before and at the time of the trial at law in the possession of the plaintiff; and the plaintiff, by way of excuse for not having said papers on the trial at law, avers, that he is over seventy-five years of age and was for many years a public officer whereby large quantities of papers accumulated in his possession; that before the trial at law, "being of opinion and belief and having an indistinct recollection that said note in suit in said action was not executed for money borrowed at its date, but in lieu of a previous note taken up on the day of its execution, he made a long and diligent search for the said note and for any other papers bearing on the question at issue in said action, or which would in any way throw light thereon, and was unable to find the said note or any other such papers." The plaintiff then states the great exertions used by him *after* said trial to find said note and other papers, and that he succeeded in finding the papers hereinbefore described in his own possession.

The bill by elaborate explanations and arguments attempts to demonstrate the materiality of these after-discovered papers and to establish a theory upon which, if they had been before the jury, a verdict would or should have been rendered in favor of the plaintiff, Bloss.

I do not think it material to refer to all the allegations of the bill. What I have stated sufficiently indicates the grounds upon which relief is demanded. And in my judgment the bill, according to the well settled principles of equity in such cases, wholly fails to make out a case which entitles the plaintiff to relief in a court of equity. It fails to do so for at least two reasons: *First*, the new matter is insufficient; and *Second*, proper diligence has not been shown.

First.—The ground for a bill to obtain a new trial, after judgment in an action at law, must be such as would be ground for a bill of review in a court of equity upon the discovery of new matter. 2 Story's Eq. sec. 888.

A new trial will not be granted on the ground of newly discovered evidence, when it goes merely to impeach the testimony of a witness at a former trial, nor to let in cumulative evidence as to matter which was principally controverted at the former trial; but if the newly discovered evidence is sufficient to utterly destroy the former testimony by showing that it was entirely false or founded on perjury, then a new trial should be granted. The rule, in this respect is the same both in courts of equity and at law. But where the testimony thus discovered relates to a fact which was in issue and supported by evidence in the former trial it must be of a conclusive character, such as if it had been produced on the former trial should have produced a different verdict, and which would necessari'y entitle the plaintiff to relief in the suit in which it is alleged, unless overcome by new evidence from the opposite side. Story's Eq. Pl. § 413; *Livingston* v. *Hubbs*, 3 Johns. Ch'y. 124; *Pegram* v. *King*, 2 Hawks 605.

The newly discovered evidence alleged in the plaintiff's bill in this cause, falls far short of the requirements of the law above stated. The papers, constituting the new evidence, of themselves have only a remote bearing upon the issue involved, and taken in connection with the explanations and deductions of the plaintiff, they are far from conclusive. If they had been before the jury with the explanations of the plaintiff added to them, it is not at all certain that the verdict would have been different from the one rendered. The bill shows that the principal reliance of the plaintiff on this new evidence is not that it, of itself, is very meterial, but that by it the plaintiff's memory has been refreshed, and that he could now testify with more positiveness than before, and besides he would by it be able to show, that Hull was mistaken in his testimony as to some collateral and perhaps immaterial facts testified to by him on the trial.

Second.—Equity will not relieve a party against a judgment at law, on the ground of after-discovered evidence, or of a defence, of which he was ignorant, until judgment was rendered, unless he shows, that by the exercise of ordinary diligence he could not discover such evidence or defence, or that he was prevented from employing the same by fraud, accident or the act of the opposite party, unmixed with

*laches* or negligence on his part.   *Shields* v. *McClung*, 6 W. Va. 79; *Knapp* v. *Snyder*, 15 *Id*. 434; *Slack* v. *Wood*, 9 Gratt. 40; *Enquirer Co.* v. *Robinson*, 24 *Id*. 548.

*Hevener* v. *McClung*, 22 W. Va. 81, is very much like the case at bar.   There the defence sought to be introduced was a legal defence, which was suspected by the plaintiff to exist before the judgment at law was rendered, and he was apprised of the evidence by which he could prove it, if it really existed, but he failed to produce the evidence and let judgment go against him.   This Court held that such party was not entitled to relief in equity.   In the case before us the plaintiff avers in his bill, that he kept all his papers, and before the trial at law he had a belief that the after-discovered papers were in his possession, and he searched for and did not find them, but that after the trial he found them in his possession.   The action at law was pending over eight years.   The plaintiff fails to give any satisfactory reason why his search was so futile before, and so successful after the trial at law.   Nothing is disclosed to show that, if he had used the same diligence during the eight years the case at law was pending, which he did after the judgment was rendered against him, he would not have found said papers before instead of after the judgment at law.   The facts, it seems to me, are plainly against the plaintiff.   He has wholly failed to show that diligence, which the law requires in cases of this kind.

The bill incidentally rather than directly alleges, as an additional and independent ground of relief, that the bond, on which the judgment sought to be enjoined was rendered, "included the interest for one year and about seventeen days at the rate of ten *per cent. per annum*, which rate of interest was illegal and usurious, and that if no other reason, would render the judgment obtained thereon at law illegal, and this plaintiff would be entitled to relief in equity as to such usurious contract."   The plaintiff, if said averment were sufficient to entitle him to relief, would be entitled to relief in a court of equity only as against the excess over the legal rate.   Sec. 7, ch. 96, Code, p. 533.   *Mosby* v. *Insurance Co.*, 31 Gratt. 629.   Such excess in this case would be less than $25.00, a sum insufficient to give this Court jurisdiction.   *Neal* v. *Van Winkle*, 24 W. Va. 401.

But the said averment of the bill is not sufficient to show that the plaintiff is entitled to any relief. Where relief in equity is sought against a judgment at law on the ground of usury, the bill must put the usury *directly* in issue. *Brown* v. *Toell*, 5 Rand. 543. The averment here is, that the usury was in the bond. There is no averment that the usury was carried into the judgment. The bond was for $582.52, with nearly thirty years' interest, which would amount to a sum largely in excess of $733.11, the amount of the judgment recovered. The averment is, therefore, insufficient to show, that the jury did not exclude the usury, if there was any, from the amount found by their verdict.

Some objections are also made by the appellant to the form of the decrees dissolving the injunctions awarded on his original and amended bills. I do not regard it important to notice these objections. They are not sustained by an inspection of the decrees themselves, but moreover, if there had been any irregularities in them, they could not operate to the prejudice of the appellant, if the final decree dismissing the plaintiff's bill was right, as we have seen it was. The said decrees must be construed with reference to the final decree, and so construed, they do not prejudice the appellant. *Claytor* v. *Anthony*, 15 Gratt. 518; *Bentley* v. *Harris*, 2 *Id.* 357; *Michaux* v. *Brown*, 10 *Id.* 612.

Upon any view of the cause, I am clearly of opinion, that there is no error in the decrees appealed from, and that they must therefore be affirmed.

Affirmed.