CHIATOVICH v. MERCER, Sheriff

No. 2657

January 5, 1925.          232 Pac. 215.

1. New Trial—Complaint in Suit to Restrain Enforcement of Judgment Held Sufficient as against Demurrer.
   Complaint alleging that bank, seeking to enforce judgment on note fraudulently procured and transferred to it, had already obtained payment of note by foreclosing mortgage given by its transferor, and that plaintiff's remedy against payee was of no value, he being insolvent and hiding from justice, and praying that enforcement of such judgment be enjoined, *held* sufficient as against demurrer.

2. Pleading—Demurrer to Pleadings Admits Facts Alleged Therein.
   Demurrer to pleadings admits facts alleged therein.

3. New Trial—Equity Will Relieve against Judgment at Law in Absence of Legal Remedy if there is Sufficient Ground for New Trial by Reason of Newly Discovered Evidence.
   As general rule, equity will relieve a defendant from a judgment at law if there is sufficient ground for new trial by reason of newly discovered evidence, unless a legal remedy exists of which he has not availed himself.

4. NEW TRIAL—WHAT NEWLY DISCOVERED EVIDENCE WILL JUSTIFY
  EQUITY IN RELIEVING LITIGANT FROM JUDGMENT AT LAW STATED.
    Newly discovered evidence to warrant equity in relieving
  party from judgment at law must be clear, strong, and con-
  vincing, and such as to make it appear reasonably certain that
  with its aid an opposite result would be reached on a new trial.

See (1, 3, 4) 29 Cyc. p. 901, n. 59; p. 961, n. 91; p. 963, n. 19;
  (2) 31 Cyc. p. 333, n. 76.

APPEAL from Seventh Judicial District Court, Esme-
ralda County; *J. Emmett Walsh,* Judge.

Suit by J. M. Chiatovich and others against W. B.
Mercer, Sheriff of Esmeralda County, and another.
Judgment on demurrer for defendants, and plaintiffs
appeal. **Reversed, with directions.**

*I. S. Thompson (Forman & Forman,* of Counsel), for
Appellants:

Person who can resort to two funds shall not by elec-
tion disappoint party having but one. If any creditor
can resort to two funds and another to only one, former
must seek satisfaction out of fund latter cannot touch.
19 Am. & Eng. Enc. Law, 1256; Chemical Natl. Bank v.
Kiam; 113 S. W. 951.

Plaintiffs are entitled to injunction because Thorn-
berry is insolvent and because bank resides out of state.
22 Cyc. 773; Wheeler v. Lack, 61 Pac. 849.

In Memphis & C. R. Co. v. Greer, 11 S. W. 931, Greer
secured verdict of $8,000 against railroad for injuries
in wreck; passenger permitted by Greer to ride against
rules also sued for $5,000. Court granted injunction,
enjoining Greer from collecting more than $3,000 until
trial of suit by passenger. Greer's insolvency was also
allowed. Garrett v. Goodnow, 20 S. E. 575.

Nevada courts will not send citizens to Oregon to
settle disputes which they can completely settle here.
Catlin v. Wilcox, 18 Am. St. Rep. 341; Grogan v.
Egbert, 67 Am. St. Rep. 765.

Bank's attachment of Thornberry's property and
acceptance of mortgage in lieu thereof constituted
merger and consolidation of $4,750 note. 20 Am. &
Eng. Enc. Law, 596–99.

Sale on execution under mortgage at which bank bid full amount of judgment, satisfied judgment and note. 2 Black on Judgments, 1488.

Confirmation of sale was res adjudicata as to all parties before court, and bank cannot be released therefrom. 2 Freeman on Executions, 1028–29.

Plaintiffs are entitled to new trial because of fraud and facts discovered too late to be presented on motion for new trial. 1 High on Injunctions, sec. 115.

Court which entered judgment and denied motion for new trial, or court of coordinate jurisdiction, has power to issue injunction and grant new trial. 22 Cyc. 813.

On motion for temporary restraining order, no objection was made to sufficiency of complaint. It cannot now be raised here. 8 Enc. Pl. & Pr., 229.

New bill with appropriate amendments may be filed. Mulford v. Cohn, 18 Cal. 47.

Person may avail himself of statutory defenses in suit in equity without excuse for not using them at law. Jarrett v. Goodnow, 39 W. Va. 603.

Equity will restrain enforcement of unconscionable judgment procured by fraud, unavoidable accident or mistake. Handley v. Jackson, 50 Pac. 915; Lithuanian etc. Society v. Tunila, 70 Alt. 25.

*H. H. Atkinson,* for Respondents:

Where right of appeal exists, injunction staying judgment will not lie. Sheldon v. Mitter, 53 Pac. 89.

If there is adequate remedy by motion and it was not made equity will not act. Moulton v. Knapp, 24 Pac. 803; Reagan v. Fitzgerald, 17 Pac. 198.

Judgment will not be enjoined on grounds which were relied on in motion for new trial and denied. Telford v. Brinkerhoff, 45 N. E. 165.

Where law has been erroneously applied equity will not grant relief. Pomeroy Eq. Rem., par. 638.

More diligence must be shown to get injunction enjoining judgment than to get new trial to obtain relief because of newly discovered evidence. 1 High on Injunctions, par, 114; Mulford v. Cohn, 18 Cal. 42–46.

If there has been ample opportunity to discover

evidence and it is not forthcoming, relief will be denied. Pomeroy, par. 661. Even in case of purger it is no ground, par. 656.

Complaint shows defendants in first case know of mortgage, but used no diligence to obtain further information; it does not show that evidence of judgment and execution and sale in Sherman County was not available during period they had in which to file affidavits of newly discovered evidence. Evidence was available had they used diligence. Since they could not obtain new trial, they cannot obtain injunction.

Judgment, not being final, all remedies at law have not been exhausted. Demurrers were properly sustained.

## OPINION

By the Court, DUCKER, C. J.:

One of the respondents herein, the W. M. Barnett Bank, a corporation, obtained a judgment against the appellants on a promissory note executed by J. M. Chiatovich on their behalf, doing business as the Chiatovich Ranch, and which had been transferred by the payee, H. B. Thornberry, to the respondent bank. The judgment has just been affirmed by this court.

The instant suit was instituted by appellants in the court in which the judgment was obtained, to restrain its enforcement and to obtain a new trial in the former action. Demurrers were interposed by the respondents to the complaint in this suit, on the ground, among others, that it does not state facts sufficient to constitute a cause of action.

The demurrers were sustained, and judgment was entered thereon, from which this appeal is taken. The complaint is a lengthy document, and, as many of the facts alleged in the complaint concerning the fraudulent representations of Thornberry in obtaining the suit note, and other notes from the appellants are set out in our opinion in the former action, they need not be restated.

In that action it appeared that prior to its commencement the respondent bank had obtained security for the

suit note and others from Thornberry by a second mortgage on his real estate in Sherman County, Ore. It is alleged in the complaint in this suit that, after the trial in the former action, and when the defendants therein had moved for a new trial and set up the making of the mortgage as newly discovered evidence, the said bank represented that the mortgage was not security for the suit note, as the full value of the land mortgage would be taken up and consumed by a first mortgage, and other amounts that preceded the mortgage to the bank. It is also alleged, in substance, that the respondent bank has since foreclosed said second mortgage; that the judgment in foreclosure in favor of the bank and against Thornberry amounted to the sum of about $32,665.99 and interest, and included the full amount of the suit note, a $6,000 note given by Thornberry to said bank, and the full amount of ten other notes included in the second mortgage. It is alleged that said real estate has been sold under execution for the sum of $35,339.97, the full amount of the bank's judgment, and covered and satisfied the full amount of the suit note; that the sale was duly and regularly confirmed by a decree of the Oregon court; that said sale on execution for $35,339.97, besides being for the amount of the suit note and interest, and the $6,000 note from Thornberry to the bank, included and satisfied and paid ten other notes transferred by Thornberry to the bank, the full amount of which had been collected from the makers prior to the judgment in foreclosure; that said double collection of said notes by said bank, and the sale of said real estate, is a part of a fraudulent scheme on the part of said bank to defeat the rights of appellants and other creditors of said Thornberry; that said bank in all of said collections was and is the agent of said Thornberry. It is alleged that the said bank's purpose in now pursuing said judgment against said Chiatoviches, and in enforcing the same by execution in the hands of said defendant sheriff, is part of a fraudulent scheme on the part of said bank to assist said H. B. Thornberry in securing the benefit from said Chiatovich

judgment. It is alleged that at the time of the former trial, or on the motion for a new trial, or within the time allowed by law, and by stipulation of the parties, to file affidavits of newly discovered evidence in the former case, the appellants in this cause were unable to present the facts set forth above, because they had no knowledge of the suit in foreclosure, nor had execution issued or said sale in foreclosure taken place.

It is alleged that J. M. Chiatovich and W. M. Chiatovich, two of the appellants, have rescinded the contracts concerning which Thornberry, by fraudulent representation, induced the execution of the note in question and two others, and that said appellants, on March 1, 1921, commenced a suit in the United States District Court for the District of Washington against Thornberry to enforce rescission, and for the return of $8,500 paid on the said two notes, and for $6,000 damages for the loss of breeding 42 head of mares, and the surrender and cancellation of the suit note in the former action; that any judgment recovered by said Chiatoviches in the United States courts against Thornberry will be of no value, because he is insolvent, and has left the United States to dodge and defeat his creditors, and because there were both civil and criminal processes issued against him by the courts of Washington.

It is alleged that, on account of the insolvency of Thornberry, and on account of his being in hiding out of the United States, appellants will be forever unable to secure any redress from him; that execution has issued in said cause, and has been placed in the hands of said Mercer, sheriff of Esmeralda County. It is alleged in substance that, unless restrained, the said bank will have the said sheriff levy the execution upon the property of the appellants, and sell the same; that the proceeds of said sale will be turned over by said bank to said Thornberry, or his creditors in Washington and Oregon, thereby preventing appellants from securing anything from said Thornberry or otherwise, for the damage done by the fraudulent sale; that the appellants have no plain, speedy, and adequate remedy at law.

**1, 2.** It is shown by the complaint that the note on which the respondent bank recovered judgment as the holder thereof was, by the fraudulent representations of Thornberry, obtained from the appellants without consideration, and that by reason of newly discovered evidence which could not have been discovered at the trial of the former action, or before the time in which a motion for a new trial could be made had expired, the former has received payment in full for the note through · foreclosure proceedings and sale of Thornberry's property. It further appears from the allegations of the complaint that the respondent bank is now, as the agent of Thornberry, fraudulently endeavoring to collect the judgment for the benefit of Thornberry. These facts are admitted by the demurrer, and afford sufficient ground for equitable interference with the enforcement of the judgment. If the note has been paid by Thornberry, the payee and transferor thereof, to the respondent bank, its holder, it is effectually discharged as to the latter, and the former is remitted to his remedy to recover against the defendants as the makers of the note. This remedy, according to the allegations of the complaint, is not available to him as against the maker of the note, for the reason that the note was given without consideration. Unless equity interposes and stays the execution of the judgment, in which the complaint shows the respondent bank to have no interest, by reason of its having been paid the amount of the note on which the judgment was obtained, the bank, in pursuance of a fraudulent scheme with Thornberry, will collect it for his benefit. It would be unconscionable to suffer the execution of a judgment for the sole purpose of enabling one to escape the consequences of his fraud.

**3.** As a general rule, in a proper case, equity will relieve a defendant from a judgment at law if there is sufficient ground for a new trial by reason of newly discovered evidence. High on Injunctions, sec. 115 (4th ed.) ; Pomeroy's Equity Jurisprudence, vol. 6, · sec. 661; 15 R. C. L. 775, 776; 34 C. J. pp. 478, 479, and cases cited in note 40. The rule is thus stated in the last citation:

"The general rule, however, is that, when a defendant was prevented from making good his defense by the lack of evidence to support it, being ignorant of the existence of such evidence, and unable to discover it by the exercise of due diligence, equity will relieve him against the judgment, upon the subsequent discovery and production of such evidence, unless he has a legal remedy, and failed to avail himself of it."

4. As to his legal remedy, if by statute he is permitted to move for a new trial on the ground of newly discovered evidence, it must appear that the time for making such motion expired before the new. evidence was discovered, or by the exercise of due diligence could have been discovered. 15 R. C. L. p. 756. The character of such evidence must be clear, strong, and convincing. Before equity will interpose to stay a judgment on this ground the newly discovered evidence must be of such a character as to make it appear to be reasonably certain that, with its aid, an opposite result will be caused on a new trial. Pickford v. Talbott, 225 U. S. 651, 32 S. Ct. 687, 56 L. Ed. 1240; Snider v. Rinehart, 20 Colo. 448, 39 Pac. 408; Brown v. Luehrs, 95 Ill. 195; Smith Pocahontas Coal Co. v. Morrison, 93 W. Va. 356, 117 S. E. 152; Wynne v. Newman's Adm'r, 75 Va. 811; Bloss et al. v. Hull, 27 W. Va. 503; 1 High on Injunctions (2d ed.), 117; 15 R. C. L. 755, 756. The newly discovered evidence alleged in the complaint is of sufficient strength to bring the case within the principles above stated. This, together with the allegations of fraud, show that the enforcement of the judgment would be manifestly unjust.

The judgment of the lower court sustaining the demurrers to the complaint is reversed, and the lower court is directed to overrule the demurrers, grant a temporary injunction restraining the former judgment at law, and require the respondents to answer.