# CHARLESTON.

## DEUSENBERRY v. DEUSENBERRY.

Submitted March 6, 1918.    Decided March 19, 1918.

1. DIVORCE—*Bill—Demurrer.*

A bill for divorce a mensa et thoro, on the ground of cruel and inhuman treatment, which alleges specific acts with reference to time, place and circumstance constituting such ground is good on demurrer though the ground be not formally alleged in the language of the statute.    (p. 136).

2. SAME—*Cruel and Inhuman Treatment—Evidence—Review.*

The court below having found from the evidence the fact of such cruel and inhuman treatment, and the evidence tending strongly to support that finding, the decree will not be reversed on the question of fact.    (p. 135).

3. SAME—*Cruel and Inhuman Treatment—Condonation—Conditions.*

Condonation by the wife of specific acts of cruel and inhuman treatment by her husband are treated as conditioned on his subsequent good behaviour, and will never be allowed to weaken her title to relief, and if such acts be subsequently repeated the condoned acts will be revived as ground of divorce.    (p. 138).

4. SAME—*Divorce a mensa et thoro- -Alimony—Amount.*

Defendant in this case being able bodied and earning sixty five dollars per month, and owning a house and lot and a vacant lot estimated to be worth at least three thousand dollars and some money, twenty four dollars per month decreed to the plaintiff for alimony is not unreasonable.    (p. 138).

5. SAME—*Decree of Separation—Review.*

The pleadings not calling for such relief, a decree of separation will not be reversed for failing to ascertain and decree the estate and rights of the parties in property owned by them respectively.    (p. 139).

Appeal from Circuit Court, Monongalia County.

Suit for divorce by Ella E. Deusenberry against Edward Deusenberry.    From a decree of divorce a mensa et thoro, and from an award of alimony, defendant appeals.

*Affirmed.*

*Stewart & John,* for appellant.

*Lazelle & Stewart,* for appellee.

MILLER, JUDGE:

On appeal by defendant from a decree of divorce *a mensa et thoro* in favor of plaintiff, the wife, and for alimony at the rate of twenty four dollars per month grounded on alleged cruel and inhuman treatment of her by him, the first point of error relied on is that the court below should have sustained his demurrer to the bill.

On this point it is said the bill is bad because it does not allege the grounds of divorce in the language of the statute, and then with particularity the constituent facts relied on in support thereof. We do not think this pleading is the proper subject of that criticism. In the seventh paragraph at least four specific acts of cruelty, with reference to time, place and circumstance are alleged, and the ninth paragraph charges that following this cruel and inhuman treatment, defendant also caused her to be arrested on a charge of lunacy, and from which she was discharged by the commission. In *Trough* v. *Trough*, 59 W. Va. 464, Judge BRANNON mooted the question whether when divorce a vinculo is sought on the ground of adultery the bill ought to name the particeps criminis or other matter of alleged defect in the bill. In the case at bar, however, we do not think there is any defect of pleading. Of course if as in *Johnson* v. *Johnson*, 4 Wis. 154, a case cited by counsel, the specific facts alleged do not constitute cruel and inhuman treatment, the bill would be bad on demurrer. Our opinion is that the facts alleged in the bill before us do constitute cruel and inhuman treatment. Indeed we do not understand that counsel contend to the contrary, but after the demurrer his argument is that these facts are not supported by the evidence, and if so, were subsequently condoned by plaintiff, barring her of relief. But these questions are not presented on the demurrer. The facts alleged as constituting cruel and inhuman treatment were charged with such reasonable certainty as to enable defendant to meet them at the trial. This is all that good pleading requires in any case, whether it be divorce or otherwise. *Haynor* v. *Haynor*, 112 Va. 123, and cases cited and relied on by defendant.

On the merits there are at least four specific acts of cruel and inhuman treatment charged, covering it is true quite a

range of time, some time in fifteen years. Defendant admits occurrences corresponding in time, place and circumstance to those specified in the bill, but places a different version on them from that sworn to by plaintiff. The first is alleged to have occurred in 1901, when she swears defendant struck her in the face, bruising her and leaving blackened spots thereon plainly visible, and which she was called upon to explain to persons in the house and others whom she met elsewhere; the second in 1904 or 1905, when he complained without cause of a grocery bill and in great anger grabbed her and shoved and threw her over a chair rendering her weak and nervous. It is argued that there was no corroboration of her testimony as to these two specific acts; the third in 1907 or 1908, when complaining of the loss of a paper, and falsely accusing his wife, defendant shoved her out of her room and down the stairs, bruising her ankle, and doing her other injury, and she also alleges that on other occasions he grabbed, struck or shoved her about; fourth, that on December 10, 1915, when she was weak and had been taking treatment from a physician defendant after dinner struck her with a pair of scissors, and also dragged her out of her room into the hall and struck her with a bed slat over the hands. causing bruises on her fingers and which remained for a long time. Defendant as in the other instances admits occurrences between him and his wife about the times and places charged, but according to his testimony he was the abused spouse and not the wife, but the plaintiff has corroboration, at least some, of the first of these two instances by her mother, an elderly lady, and of the last by the testimony of her daughter, and of the doctor attending her at the time of the last occurrence. The daughter was an eye witness in part to the last occurrence, and the doctor, when called saw the bruised fingers and swears that plaintiff was in a bad state of physical health, was weak and nervous, and would not respond to treatment; that he had a plain talk with defendant, and advised him that unless there could be more harmony in the household the plaintiff should be removed to some other place where she could have a chance to recover her strength, or the result was likely to be disastrous, and that it was agreed that she should go to her mother

and that defendant would provide for her there. In the written opinion of the circuit court these and other facts are gone into with greater detail than we shall undertake on this occasion, and from which the conclusion was reached that the ground for divorce had been proven. Such being the conclusion of the lower court we are not disposed to disturb the decree on the facts. True the burden of proof was upon the plaintiff, and it is true that the cruel and inhuman treatment which will support the decree must have been such as render cohabitation intolerable, so held in *Goff* v. *Goff,* 60 W. Va. 9, and *Hall* v. *Hall,* 69 W. Va. 175, and cannot be supported on mere whim or caprice of either party or for slight imaginary causes. *Maxwell* v. *Maxwell,* 69 W. Va. 414. Nevertheless, if plaintiff's condition at the time of the filing of the bill had been brought about by the acts and conduct of the defendant as the evidence tended strongly to indicate, and as we think may be concluded from the doctor's evidence, and other corroborating testimony and facts proven in the case, the conditions justified the decree, and it must be affirmed in so far as the decree for separation is concerned.

But were these offenses condoned by plaintiff by sufferance, so as to bar relief? We think not. The books say that cruelty as ground of divorce is generally a course of conduct rather than a single act and that patient endurance by the wife of her husband's continuous ill treatment should never be allowed to weaken her title to relief, unless after acts of cruelty, which would have been good cause for divorce, she voluntarily continues her marital relations with him. But such condonation generally is treated as conditioned on his subsequent good behaviour, and if repeated the condoned acts will revive as grounds of divorce. 9 R. C. L., section 176, 177, page 383, 384; 2 Bishop on Marriage, Divorce and Separation, section 308, *et seq.; Maxwell* v. *Maxwell, supra; Owens* v. *Owens,* 96 Va. 192, 195. After the last act in this case, plaintiff refused to maintain the connubial relationship and soon afterwards brought this suit.

And lastly complaint is made of the decree for alimony, $24.00 per month. These parties had lived together since September, 1894, or a period of about twenty one years; their

two children had grown up and gone from home, the daughter being married. At the time of the decree he was earning $65.00 per month as janitor of the Fourth Ward School in the city where he lived, and owned a house and lot where they had lived, and a vacant lot, and had some money; she had about six hundred dollars earned by herself and some household and kitchen furniture, including a piano. We know that $24.00 per month would not support her in these times, and we do not see how we can say from the evidence that the decree for alimony is excessive or erroneous.

It is furthermore complained that the court did not fully ascertain and determine the properties owned by the parties respectively, and their respective rights therein. Section 11, of Chapter 64, of the Code, probably gives the court jurisdiction to do this, but nothing in the pleadings or proceedings called for such relief. Plaintiff did not ask for it in her bill, nor did appellant ask for any relief in his answer.

We are of opinion to affirm the decree.

*Affirmed.*