# CHARLESTON.

JOHN S. KESTERSON AND KITTIE E. KESTERSON v. CHARLES H.
BROWN AND CHARLOTTE BROWN,

Submitted March 27, 1923.   Decided September 25, 1923.

1. JUDGMENT—*Decree Unsupported by Pleading Void.*.

    A decree or part thereof not supported by any pleadings
    in the cause is void. (p. 452).

2. DEEDS—WILLS—*In Determining Fee-Simple or Life Estate,
   Intent from whole Instrument Governs.*

    In determining whether a deed or will passes a fee simple or
    a life estate, the primary or dominant intention from con-
    sideration of the whole instrument will govern. (p. 452).

3. DEEDS—*Conveyance Construed.*

    C. owned a small tract of land subject to dower of his de-
    ceased son's widow, which constituted the only means of
    support for himself and wife, both advanced in years, and
    his blind son and unmarried daughter who lived with the
    parents on the land as a home. C., his wife, and the widow
    of the deceased son conveyed the land to a trustee in trust
    for the parents, the blind son and unmarried daughter, during
    their joint lives and the lives and life of the survivors or
    survivor of them; the conveyance also conferring upon the
    life tenants, the survivors and survivor, the power of dis-
    position with remainder to children of S. The instrument
    properly construed vests in A, his wife and the two children,
    a life estate subject to survivorship, with contingent remain-
    der in favor of the designated children of S., to become vested
    upon the death of the last survivor of the life tenants, the
    power not then having been executed. (p. 453).

Appeal from Circuit Court, Kanawha County.

Action by John S. Kesterson and another against Charles
H. Brown and wife. From a decree for plaintiffs, defendants
appeal.

*Reversed and remanded.*

*Payne, Minor & Bouchelle,* for appellants.
*D. W. Taylor,* for appellees.

LITZ, JUDGE:

The defendants, Charlotte Brown and Charles H. Brown,

her husband, appeal from a decree of the circuit court of Kanawha county, in partition, decreeing to the plaintiffs, John S. Kesterson and Kittie E. Kesterson, three-fourths, and to the defendant, Charlotte Brown, one-fourth, of 20 acres of land situate on the waters of Davis Creek in Loudon district of said county.

By deed, dated January 18th, 1904, and of record in the office of the clerk of the county court of Kanawha county, Richard Cobbs and Caroline Cobbs, his wife, conveyed to their son, C. C. Cobbs, the said 20 acres of land. C. C. Cobbs having subsequently died intestate and without issue, the title thereto, subject to his widow's dower, descended to the father, Richard Cobbs; and thereafter, by deed dated October 29th, 1907, Richard Cobbs and Caroline Cobbs, his wife, and Birdie Cobbs, the widow of C. C. Cobbs, conveyed the land to W. D. Payne, trustee, upon the following trusts, to-wit:

"First: A life estate for the joint and several lives of said Richard Cobbs and Caroline Cobbs (two of the grantors in the deed) and Charlotte Cobbs (now Charlotte Brown, one of the appellants herein) and Ralph Cobbs, the last two being brothers and sisters, respectively, of said C. C. Cobbs, deceased, they, the said Richard, Caroline, Charlotte and Ralph Cobbs to have the use, occupation, rents, issues and profits of every kind and character arising from said land for and during their natural lives.

"Second: Upon the death of either of said Richard, Caroline, Charlotte or Ralph Cobbs, his, her or their interest shall pass to and become vested in the survivor or survivors, so that the last of the said parties surviving shall become vested with all the interest of the deceased parties and shall have full enjoyment of a life estate in the whole of said land.

"Third: The said Trustee shall have the right to sell any or all of said property and execute a proper deed in fee simple therefor to the purchaser who shall not be required to see to the application of the proceeds and in such manner and upon such terms as the said Richard Cobbs, Caroline Cobbs, Charlotte Cobbs and Ralph Cobbs or their survivors shall require; the said Richard, Caroline, Charlotte and Ralph Cobbs or their survivors in interest to unite with said trustee in said deed.

It is expressly understood that said Richard, Caroline, Charlotte and Ralph Cobbs, or those who shall survive to the enjoyment of a life interest in the whole of said property as provided above shall have the right at any time to sell said land or any part thereof upon any terms and in any manner and to distribute the proceeds among themselves in such manner as they may agree among themselves the said trustee or purchaser not to be bound to see to the application of the proceeds.

"Fourth: In the event the last survivor of said above four named cestui que trustent shall die without a disposition of said land having been made as provided for in the next preceding paragraph the said trustee shall hold said land for the joint and equal use of such female children of Sallie Post the wife of V. T. Post and the married daughter of Richard and Caroline Cobbs as may be living at the death of the last said survivor or that may be born thereafter."

On February 2d, 1915, Richard Cobbs, Caroline Cobbs, Ralph Cobbs, Charlotte Brown (formerly Charlotte Cobbs) and Charles H. Brown, her husband, in consideration of $1.00 and the support of Richard Cobbs, Caroline Cobbs and Ralph Cobbs, conveyed the land to the defendants, Charlotte Brown and Charles H. Brown, Trustee. Subsequently, Richard Cobbs, Caroline Cobbs and Ralph Cobbs brought a suit in the circuit court of Kanawha county against Charlotte Brown and Charles H. Brown for the cancellation of the last named deed on the ground of alleged fraud in its procurement and failure of the defendants to furnish the support and maintenance provided for therein. No defense was made to the suit and a decree was entered therein *pro confesso,* October 4th, 1916, cancelling the deed and decreeing the reinvestment of title in the grantors in said deed, "in the same manner and to the same extent and with the same purpose and effect as the same was held, owned, possessed and seised by said grantors in said deed prior to its execution; *that is to say, the fee simple title in said property conveyed in said deed shall be and the same is hereby reinvested in the plaintiffs, Richard Cobbs, Caroline Cobbs, Ralph Cobbs and the defendant Charlotte Brown, to be held and owned by*

*them as tenants in common"; and further decreeing that the
property be conveyed by P. H. Murphy, as special commis-
sioner of the court, to the said Richard Cobbs, Caroline Cobbs,
Ralph Cobbs and Charlotte Brown "according to the terms
and provisions of this decree."

P. H. Murphy, special commissioner, by deed of October
23d, 1916, conveyed said property to Richard Cobbs, Caro-
line Cobbs, Ralph Cobbs and Charlotte Brown, to be held
and owned by them as tenants in common.

In February, 1916, the defendants, Charlotte Brown and
Charles H. Brown, instituted a suit in said court against
Richard Cobbs, Caroline Cobbs, Ralph Cobbs, and the plain-
tiffs, John S. Kesterson and Kittie E. Kesterson, for the pur-
pose of setting aside the said decree of October 4th, 1916.
The bill in the cause alleged that prior to said decree, these
defendants, Charlotte Brown and Charles H. Brown, were
the owners in fee simple of said land. That suit was dis-
missed on its merits after the taking and submission of proof.

By deed of December 21st, 1916, Richard Cobbs, Caroline
Cobbs and Ralph Cobbs, in consideration of their mainte-
nance and support during life and decent burial at death,
conveyed to plaintiffs, Kittie Kesterson (a daughter of
Richard and Caroline Cobbs) and John S. Kesterson, her
husband, an undivided three-fourths of said land.

The plaintiffs in their bill filed December rules, 1921, allege
that by virtue of the deed of October 29th, 1907, from
Richard Cobbs, Caroline Cobbs and Birdie Cobbs to W. D.
Payne, Trustee, the said decree of October 4th, 1916, in the
suit of Richard Cobbs, Caroline Cobbs and Ralph Cobbs
against Charlotte Brown and Charles H. Brown, and the
deed from P. H. Murphy, special commissioner of the court
in said cause, the said Richard Cobbs, Caroline Cobbs and
Ralph Cobbs became and were the owners of three undi-
vided fourths in fee simple of said land, which they conveyed
to plaintiffs by the deed of December 21st, 1916; and that
the defendant, Charlotte Brown, is the owner of the remain-
ing undivided one-fourth.

At January rules, 1922, the defendants, Charlotte Brown
and Charles H. Brown filed their joint and separate demurrer

and answer to the plaintiffs' bill. The demurrer merely states that the bill of complaint is not sufficient in law.

The answer avers that the deed of October 29th, 1907, from Richard Cobbs, Caroline Cobbs and Birdie Cobbs to W. D. Payne, Trustee, conveyed to Richard Cobbs, Caroline Cobbs, Ralph Cobbs and the defendant Charlotte Brown (nee Cobbs) only a joint estate for life with the right of survivorship, and joint power of disposition; and created a contingent remainder in favor of the female children of Sallie Post. The answer denies that the suit of Richard, Caroline and Ralph Cobbs against the defendants Charlotte Brown and Charles H. Brown altered this condition of title to the property.

The circuit court overruled the demurrer, and upon the bill and answer decreed that the deed of October 29th, 1907, from Richard Cobbs and others to W. D. Payne, Trustee, vested in Richard Cobbs, Caroline Cobbs, Charlotte Brown (nee Cobbs) and Ralph Cobbs the fee simple title to the whole of the real estate in question; and that the decree of October 4th, 1916, in the suit of Richard Cobbs and others against the defendants Charlotte Brown and Charles H. Brown "is a full and complete adjudication of the title to said real estate as between the defendants in this suit and the said Richard Cobbs, Caroline Cobbs and Ralph Cobbs, the predecessors in title of the plaintiffs herein." It was further decreed that the plaintiffs are the owners in fee simple of three-fourths and the defendant Charlotte Brown one-fourth, undivided, of said land.

The plaintiffs contend:

(1) That the deed from Richard Cobbs and others to W. D. Payne, Trustee, was properly construed by the decree in this case; and,

(2) That the defendant, Charlotte Brown, is estopped (a) by the decree of October 4th, 1916, in the suit of Richard Cobbs and others against the defendants, similarly construing the deed, and (b) by the allegations in defendants' bill filed against Richard Cobbs and others, adopting the same construction.

We will consider these questions in their inverse order.

*First:* The bill in the suit of defendants against Richard Cobbs and others did not construe the deed to W. D. Payne, Trustee. It merely alleged "that they (these defendants) owned in fee simple said real estate until the 4th day of October, 1916," when the deed from Richard Cobbs and others to the defendants was set aside. Adopting even the defendants' construction, the latter deed, made in execution of the power contained in the former, conveyed to the defendants a fee simple estate.

*Second:* The decree of October 4th, 1916, in so far as it attempts to construe the deed to W. D. Payne, Trustee, is void for want of pleading upon which to base it. The bill in the suit, taken for confessed, contained neither allegation nor prayer suggesting a construction of the deed.

A judgment or decree cannot extend beyond the pleadings. *Black* v. *Crouch,* 85 W. Va. 22, 100 S. E. 749; *Conrad* v. *Crouch,* 68 W. Va. 378, 385; *Simmons et al.* v. *Yoho et al.,* 92 W. Va. 703, 115 S. E. 851.

"There can be no decree without allegations in the pleading to support it." *Vance Shoe Co.* v. *Haught,* 41 W. Va. 275.

"Where there is no pleading to warrant a decree or part of a decree the decree or such part of it is not merely voidable, but void, as it is not on a matter in issue." *Waldron* v. *Harvey,* 54 W. Va. 608.

*Third:* Having determined that the defendants are not estopped by previous litigation, we must decide the original question, the proper construction of the deed to W. D. Payne, Trustee. Plaintiffs maintain that their interpretation is sustained by the case of *Morgan* v. *Morgan,* 60 W. Va. 327. In that case by deed naming C. Leander Zane as party of the first part, John Morgan, Jr., Trustee, party of the second part, and Louisa Morgan, wife of John Morgan, party of the third part, Zane conveyed to John Morgan, Jr., Trustee, a certain tract of land, "to have and to hold to the party of the second part (1) upon trust that said Trustee shall permit the said party of the third part to occupy, possess and enjoy the said tract or parcel of land and the rents, issues and profits

thereof, to take for her sole use and benefit free and clear from all manner of charge and encumbrance of her said husband, or any husband she may. hereafter take, for and during her life; (2) and upon the further trust, that said party of the second part shall sell or otherwise dispose of said property at such time, in such manner, and upon such terms of credit or otherwise as said party of the third part by writing signed with her name shall appoint and direct; (3) and upon this further trust, that should the said party die without having directed and completed any sale of said property, and her said husband John Morgan survive her, then said party of the second part shall reconvey the said property to the said John Morgan in fee; (4) and upon the further trust, that should the said party of the third part survive her said husband and die without having sold said property, as hereinbefore empowered, then the said party of the second part shall hold said property in trust for the heirs of said John Morgan.''

It was there held that a will or deed containing two inconsistent provisions, one indicating that a life estate only in real estate is intended to be devised or conveyed to a person, and the other giving or granting to such person an absolute and unlimited power of alienation and disposition of such estate in fee simple, will be held to pass a life estate, or a fee simple estate, as the one or the other may appear to be the primary intention disclosed by a consideration of the whole instrument.

We think the deed in that case and the one in question are materially unlike in their provisions and legal effect. In the Morgan deed the beneficiary was given a life estate with absolute and unconditional power of disposition; while in the deed before us several beneficiaries were given a joint estate for life with the right of survivorship, and a joint power of disposition. This power, of course, could be exercised only by the joint action of all living at the time. It is certainly the plain and primary intention disclosed by a consideration of the whole instrument to give to these beneficiaries absolutely a joint life estate only, with right of sur-

vivorship. The power of alienation was not absolute in any one, but dependent upon joint execution by all.

· If it was the purpose of the grantors to convey or give to such beneficiaries a fee simple estate, why the necessity of a trustee and this sort of conveyance? In the case of *Woodbridge* v. *Woodbridge*, 88 W. Va. 187, where it was contended that a husband took a fee simple estate under his wife's will, it was said by JUDGE RITZ, in the opinion of the Court: "If she had the intention of giving to her husband the absolute title to her property we can not conceive for one minute why she ever resorted to the use of the language she did. One of most ordinary intelligence, having such an intention, would simply have said that the purpose was to give the property to the object of her bounty without any limitation."

The object and purpose of the deed in this case is plain, when it is considered that the property was being conveyed by the father in trust for the benefit of himself and wife and their two children, a daughter and son, then living with them on this land as a home. The son was blind and the parents, who are now dead, were old and infirm. Besides this land constituted their only means of support. Under the deed they were given a joint and several life estate, but no part of the land in fee was authorized to be conveyed except by their joint consent and action, thus insuring to them a home which could not be disposed of except with the concurrence of all. The plaintiffs seek to apply the rule that where an abolute power of sale and disposition is coupled with a provision granting an estate for life, the apparent life estate will be enlarged into a fee upon the ground that the unlimited power of disposal of the property is inconsistent with a life estate. But the rule should not be applied in this case, where the power of disposal is not absolute, and the intention from the whole instrument dictates otherwise.

We are of opinion, and so hold, that the deed under consideration conveyed to Richard Cobbs, Caroline Cobbs, Ralph Cobbs, and Charlotte Cobbs (Brown) a joint estate for life with the right of survivorship; and conferred upon them a power of disposition to be exercised only by the mutual consent and concurrent action of all, with contingent remainder

to the female children of Sallie Post, who may be living at the time of the death of the last survivor, or that may be born thereafter. The power of alienation not having been exercised except in the deed from Richard Cobbs and others to the defendants, which has been set aside and annulled, it follows that by reason of the deaths of Richard Cobbs and Caroline Cobbs, the defendant Charlotte Brown is the owner of an estate for her life in one-half of the land, and the plaintiffs are the owners of an estate for the life of Ralph Cobbs in the other one-half, subject to the right of survivorship.

The right alienation may now be exercised by Ralph Cobbs and the defendant Charlotte Brown, or by the survivor upon the death of either; but in case such power is not so exercised the remainder will go to the female children of Sallie Post, as above described.

The decree of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*