MYRT SELVY *v.* J. A. SELVY

(No. 7882)

Submitted September 11, 1934. Decided September 25, 1934.

*Walter F. Ball* and *Martin Brown,* for appellee.
*G. W. Coffield, A. E. Larrick,* and *Frank Lively,* for appellant.

KENNA, JUDGE:

This is a suit for divorce brought in the circuit court of Wetzel County by Myrt Selvy against J. A. Selvy. The ground alleged is cruelty. J. A. Selvy filed his answer and cross-bill denying specifically all of the material averments of the bill of complaint and seeking a divorce on his part on the ground of desertion. The trial chancellor heard the proof in open court, decreed a divorce from bed and board in favor of the plaintiff and further decreed that the plaintiff retain "as a part of her share of the property of the plaintiff and defendant" a certain piece of property known as Lot No. 38 in Martin's Addition to the City of New Martinsville; that the defendant further pay to the plaintiff $10,000.00 with interest from the date of the decree until paid "as her full share of the property belonging to the said plaintiff and the defendant", and further awarded to the plaintiff the sum of $50.00 per month for her support and maintenance until the further order of the court. The decree as to the property of the plaintiff and the defendant was based upon an express finding carried into the decree to

the effect that "the property in the possession of the defendant is the joint property of the said plaintiff and the defendant, and that the said defendant had in his possession at the least the sum of $10,000.00 in money and securities which belonged to the plaintiff". The defendant prosecutes this appeal complaining that the proof does not justify the decree either as to the divorce or as to the division of property.

The plaintiff in the trial court raises the point that the transcript of evidence contained in the record is not properly certified nor identified so as to make it a part of the record that may be considered by this court on appeal. Apparently, it comes here upon the certificate of the stenographer, and the recitals contained in the decree to the effect that the trial chancellor took the proof in chambers and based the decree upon the proof so taken. We are cited to no authority that governs a case in which the proof is taken before the trial chancellor and the transcript is attempted to be made a part of the record. In so far as the matter of identification is concerned, we see no reason why the question should not be decided under the ordinary rules governing the reading of depositions in this court. We understand that there is no hard and fast rule on the question of reading depositions in this court, but that where all other means of identification are lacking, if this court can perceive that the decree of the trial chancellor is based upon the depositions purporting to be a part of the record in this court, that then we can look to them regardless of any other means of identification. *Turnbull* v. *Clifton Coal Co.,* 19 W. Va. 299; *Bloss* v. *Hull,* 27 W. Va. 503. It is to be noted that in the foregoing cases the depositions had been marked "filed" by the clerk. The transcript here being of evidence taken before the chancellor in chambers, we do not regard that fact as controlling.

It seems apparent from a perusal of this record that the trial chancellor had before him the very testimony, a transcript of which is here presented. If that is so, then there is no difficulty in our reviewing that testimony as a part of the present record.

Attention is directed to Code 56-6-38, providing for the filing of a transcript of the evidence taken before the chancellor in equity cases when an appeal is contemplated. Here, the clerk has certified that the transcript is a part of the papers "on file" in his office and we think we are warranted in treating it as having been filed in compliance with that section.

The correct practice, of course, in a chancery case is to cause the transcript of the proof, no matter where or how taken, to be exactly identified and specifically made a part of the record by an order of the court.

In so far as the granting of the divorce is concerned, the same result is reached whether the transcript is regarded as a part of the record or not. If it is a part of the record, then upon the sharp conflict in the evidence we would be obliged to say that the trial chancellor's decree is not plainly wrong. If it is not a part of the record, then, there being no evidence before us, we would have to say that the decree must be presumed to be based upon sufficient proof. In either case, we would affirm the decree.

But as we view this record, there is a more serious departure from well-recognized principles presented here. The suit is for divorce, and the bill filed seeks a division of property in addition. The jurisdiction of the court over the property of the parties that arises *per se* from the fact of a divorce proceeding having been brought is a pure creature of the statute. Our statute, and the decisions of this court under it, formerly gave the court almost unlimited control of the property of the parties in a divorce proceeding. The language of the former statute reads: "Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem expedient, concerning the estate and maintenance of the parties, or either of them, * * * ." Section 11, chapter 64, Barnes' Code 1923. *Phillips* v. *Phillips*, 106 W. Va. 105, 144 S. E. 875. The present statute (48-2-15, Code) is decidedly more restrictive, its last sentence reading as follows:

"For the purpose of making effectual any order or decree provided for in this section, the court may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient." The preceding part of the section provides for decreeing alimony and for the care of children. It will thus be seen that under the present divorce statute of this state, the court's control over the estate of the parties, as such, is indirect, and is such only as is necessary to enforce its decrees for alimony and for maintenance. Under the construction placed upon the former statute in *Phillips* v. *Phillips,* that control was said to be direct.

The decree in this case is not in aid of alimony in so far as it purports to deal with the estate of the husband, but in addition to the decree for alimony, it undertakes to deal separately and distinctly with the property of the husband, and to decree a large part thereof to be transferred directly to the wife, enjoining any and all dispositions of any part of this property until that part of the mandate of the court is carried out. It decrees $10,000.00 in cash to the wife, and decrees also that she may retain in her name a piece of real estate in New Martinsville, the value of which does not appear from the decree. Assuming from the provisions of the decree that what the trial chancellor regarded as joint personal estate of the husband and wife amounted to $20,000.00, one-half of it has been decreed directly to the wife, and a sum at least equivalent to the half remaining in the husband has been dedicated to her use by the decree for alimony at the rate of $50.00 monthly, which is the net annual yield at six per centum upon at least $10,000.00. It would therefore appear from the face of the decree itself that all that has been left to the beneficial use of the husband is a half interest in what the trial chancellor regarded as their jointly owned real estate, and this, at the present time, could be neither of great value nor productivity. However, apart from the questions concerning the provisions of this decree, we are of the opinion that the allegations of the bill of complaint are not of sufficient scope to form a proper basis for its entry.

As we have already seen, in the case of a suit brought for divorce alone, our present statute restricts the control of the court over the estate of the parties to that which may be necessary to carry out the provisions of the decree for alimony. Consequently, in order to confer the right in a divorce case to control the estate of the parties other than in aid of a decree for alimony, the bill of complaint must contain avermments that would rest this jurisdiction, not upon the divorce statute, but upon the general equity jurisdiction of the court. Then, on the theory that equity will give complete relief to the parties, such a bill might be entertained. This, we believe, is the purpose of 48-2-19, Code, which grants the power, upon decreeing annulment or divorce, to compel corrective transfers where the property of either party is in the possession, under the control or in the name of the other. The grant of this power contained in the section cited does not, however, dispense with necessary allegations and proof upon which to base its exercise. The bill before us, however, in our opinion, is not such a bill.

The bill here alleges that at the time of their marriage it was specifically understood between the parties that they would work together, and that the income and savings would be largely kept in personal property and securities, stocks and bonds and not in real estate, and further alleges that the parties both worked in the store business, and all the income and savings from their joint work and efforts belonged to both the plaintiff and the defendant. Did the parties understand that this would be the result of their marriage? Did they make an agreement to this effect? If they did, was it an agreement in consideration of marriage, or was it made after their marriage? Did the husband, by gift, relinquish his right to the earnings of the wife? If so, what were her separate earnings and how come by? Did they attempt to form a partnership? On just what legal basis does this claim of the plaintiff made in her divorce case rest? It is well settled axiomatic law that there can be no decree without allegations of fact in the pleadings to support

344

it, and that a judgment or decree cannot extend beyond the allegations of the pleadings, in spite of a prayer for general relief. *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Vance Shoe Co.* v. *Haught*, 41 W. Va., 275, 23 S. E. 553; *Kesterson* v. *Brown*, 94 W. Va. 447, 452, 119 S. E. 677. It is quite true that there was no demurrer to the bill of complaint in this cause, and the learned trial chancellor did not have his attention directed to what we regard as an infirmity in this bill, viewed as a bill one of the purposes of which is to procure a division of alleged-ly joint-owned real and personal property as between husband and wife. Nevertheless, it is our opinion that the allegations of the bill are not sufficient to sustain that particular part of the decree which purports to make a division of the property as between the plaintiff and the defendant. Inasmuch as the decree for alimony is nec-essarily to be regarded by us as based upon a considera-tion of the respective parties' positions with respect to the ownership of property, we must conclude that that part of the decree as well must be reversed. The order of this court, therefore, is that the decree of the circuit court of Wetzel County be reversed in so far as the award of alimony and the division of property as between the plaintiff and the defendant is concerned, that it be af-firmed in so far as it grants to the plaintiff a divorce from bed and board, and that the cause be remanded with leave to both parties to amend their pleadings, so that the cause may proceed to a full and complete inquiry as to the respective property rights of the plaintiff and the defendant upon such additional proof respecting the source of the property owned and held by the plaintiff and by the defendant and the respective rights of each therein, as may be developed upon such additional plead-ings; and to proceed under such amplified pleadings and proof to arrive at a just and suitable sum to be paid to the plaintiff by the defendant as alimony, and, if justi-fied thereby, to decree respecting their respective prop-erty rights.

*Affirmed in part; reversed in part; remanded.*