NEWTON S. WOOD *v.* HAZEL WOOD

(No. 9468)

Submitted September 21, 1943. Decided November 2, 1943.

*E. L. Maxwell,* for appellant.
*Joseph J. Madden,* for appellee.

ROSE, JUDGE:

Newton S. Wood instituted, against his wife, Hazel Wood, in the Circuit Court of Randolph County, a suit for divorce in which he sought, also, the custody of their only child, a son aged ten years. The defendant by answer denied the plaintiff's charges and, by way of cross-bill, asked for a divorce from the plaintiff, the custody of the child, alimony, a decree for $175 for money lent to the plaintiff, and a "settlement" of property rights in cer-

tain real estate claimed to be owned jointly by the plaintiff and defendant.

The court awarded the plaintiff a divorce and the custody of the child, and denied the defendant all relief except a personal decree for $1375 against the plaintiff. This included $175 lent by the defendant to the plaintiff. From so much of this monetary decree as exceeded the said sum of $175, an appeal was asked by the plaintiff, and granted. The defendant assigns cross-error in that she was not decreed a divorce and the custody of the child.

The decree on the cross-claims for divorce and for the custody of the child, was made upon sharply conflicting evidence, and, hence cannot be disturbed. We consider, however, that there was a clear preponderance of evidence in favor of the plaintiff. No complaint is made of the recovery allowed the defendant for the sum of $175, and this relief seems to be justified under *Smith* v. *Smith,* 110 W. Va. 82, 157 S. E. 37. The only controversy remaining is as to the allowance to the defendant of the additional sum of $1200.

The allegation in the defendant's answer and crossbill upon which this part of the decree is predicated is as follows:

> "Your respondent further alleges that she and the plaintiff own considerable real estate jointly, situate in Valley Head, in Mingo District, Randolph County, West Virginia, and that the Plaintiff owns other real estate which stands in his own name, situate therein, and that he likewise is indebted to her in the amount of $175.00 for borrowed money; and she now here asks that a fair and equitable settlement of their property rights be made herein and that a decree be entered herein in her favor for said sum of $175.00 and proper interest."

Her prayer as to this branch of her cross-bill is "(e) That a settlement of the property rights of the parties be made herein", and for general relief.

It is to be noted that the defendant claims to be a joint owner with the plaintiff only in certain real estate, not in any personalty, and that she asks for a money decree only for the said sum of $175. Hence, the evidence in the record by which she claims an interest in certain personalty is outside the case and will be disregarded.

What statutory basis is there for this monetary decree in favor of the defendant? Prior to the Code of 1931 our statute provided that,

> "Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem expedient, concerning the estate and maintenance of the parties, or either of them, * * *." Code, 1923, Chapter 64, Section 11.

But by the Code of 1931 this provision was modified, and it survives in its modified form only in the last sentence of Section 15, Article 2, Chapter 48, relating exclusively to alimony and the custody and maintenance of children, and reads as follows:

> "For the purpose of making effectual any order or decree provided for in this section the court may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient."

Since the court allowed no alimony in the case and awarded the custody of the child to the plaintiff, this section of the statute does not authorize any decree to the defendant relating to the property of the parties.

Certain evidence offered by the defendant, however, is apparently based on the theory that the plaintiff holds exclusive title to certain real estate as to which the defendant claims some equitable or other interest, and certain personalty which she claims to own outright. But nowhere does she plead such facts or claim. There is a statute, however, under which such a claim might have been adjudicated in this suit:

"Upon decreeing the annulment of a marriage, or upon decreeing a divorce, the court shall have power to award either of the parties whatever of his or her property, real or personal, may be in the possession, or under the control, or in the name, of the other, and to compel a transfer or conveyance thereof as in other cases of chancery." Code, 1931, 48-2-19, as amended by Chapter 35, Acts of Legislature, 1935.

Familiar rules of pleading require that, in order to authorize relief of this character, the defendant's claim, and the ground on which it was based, should have been clearly set up in her cross-bill. *Brecker* v. *Brecker,* 122 W. Va. 120, 8 S. E. 2d 522; *Selvy* v. *Selvy,* 115 W. Va. 338, 177 S. E. 437; *Deusenberry* v. *Deusenberry,* 82 W. Va. 135, 95 S. E. 665. This statute, also, clearly contemplates a restoration of the property in kind to the party entitled thereto, and not a money recovery for the value thereof. There was, therefore, no basis in the statute for the character of relief awarded the defendant, and no foundation in her pleadings for a decree of any kind concerning this property.

But disregarding the matter of pleading, we consider that she has failed, also, in her evidence to show any legal right or title to any interest in the real estate involved. This property stands in the name of her husband exclusively. The defendant concedes that she has neither paid nor assumed to pay any part of its purchase money. The vendor's lien against one parcel and the deed of trust against the other secure notes signed by the plaintiff alone. The defendant is not shown to have had any part in the negotiations for, or the purchase of, the land, nor ever to have exercised any authority over, or to have asserted any claim to, this property. Her sole claim now is that all the property, including this real estate, which the husband now holds was accumulated during their married life and by their joint efforts. But she does not even attempt to show that there was at any time any contract, agreement or understanding, ante-

cedent or concurrent, express or implied, between her and her husband to the effect that their business ventures during their married life should be joint, or that property acquired during their matrimonial life should be owned in common. On the contrary, in her evidence she claims certain items of the household furniture and certain money, which she says she earned, as exclusively her own. Where property accumulated during marriage is taken and held in the name of one spouse, whether the husband or the wife, the law presumes, in the absence of an agreement to the contrary, that the contribution of the other thereto was a gift. *Spradling* v. *Spradling,* 118 W. Va. 308, 190 S. E. 537; *Bennett* v. *Bennett,* 37 W. Va. 396, 16 S. E. 638; *Lanham* v. *Lanham,* 30 W. Va. 222, 4 S. E. 273. "As to those services rendered in the household or the business of the husband, the earnings, in the absence of a special agreement, belong to the husband * * * ." Madden on Domestic Relations, section 53, p. 155.

The parties were married in 1921 and separated in 1941. The husband estimates the net accumulation, above liens and debts owing, at $2650; the wife at about twice that amount. The wife does not testify to any work done by her, other than household duties, prior to 1936, at which time the husband became postmaster in the village of their residence, from which the remuneration was about $125 per month. She says that she "helped" in the post office until it was moved into the husband's store in 1940, and, after that time, in both the post office and the store until their separation. She makes no statement as to the character of her work or as to its value, nor as to the relative value of her work as compared to that of her husband; nor as to the amounts taken from the business by each, although the husband says that she took out of the business three times as much as he, a statement not denied by her. There was, thus, presented to the court merely a normal and ordinary case of property accumulated during matrimony, by the con-

curring labor, management and savings of both husband and wife, the title to which has been taken and is held by only one spouse. Such an arrangement does not amount to, or result in, joint ownership, either legal or equitable. It is admitted that the husband, after the wife's fault was discovered and before suit was brought, offered the wife $900 upon condition that she would depart in peace and not create the public scandal of a contested suit for divorce. But such offers of compromise do not demonstrate any legal or equitable right in the wife and cannot be considered in evidence on the questions here involved. *Howell* v. *McCarty,* 77 W. Va. 695, 88 S. E. 181; *Wade* v. *McDougle,* 59 W. Va. 113, 52 S. E. 1026. There was, therefore, no evidence before the court on which, even on full pleadings, any decree in favor of the defendant on her prayer for a "settlement of the property rights of the parties" could have been made.

We conclude, therefore, that the decree of the trial chancellor, in so far as it awarded the defendant a recovery against the plaintiff for more than the sum of $175 was unwarranted. To this extent the decree is reversed, and otherwise it is affirmed.

*Reversed in part; affirmed in part.*