106 S.E.2d 521 (1958)
STATE of West Virginia ex rel. Virginia HAMMOND
v.
Honorable Robert M. WORRELL, Judge, etc., et al.
No. 11034.
Supreme Court of Appeals of West Virginia.
Submitted December 9, 1958.
Decided December 16, 1958.
Opinion Filed January 20, 1959.
*522 G. Berk Lynch, Beckley, for relator.
R. D. Bailey, Pineville, for respondent, Carl W. Hammond. Robert M. Worrell, Pineville, pro se.
CALHOUN, Judge.
In this original proceeding in prohibition, the petitioner, Virginia Hammond, was awarded a rule against the Honorable Robert M. Worrell, Judge of the Circuit Court of Wyoming County, and Carl W. Hammond, respondents, to show cause why they should not be prohibited from proceeding in a divorce suit to make sale at public auction of certain real estate owned jointly by the parties to such suit. Each of the two respondents has filed an answer to the petition but the pertinent facts are not controverted.
By order entered on December 16, 1958, this Court issued a writ of prohibition, as prayed for in the petition, and this opinion is now filed for the purpose of setting forth the reasons for the issuance of the writ.
Carl W. Hammond, respondent herein, instituted a suit for divorce in the Circuit Court of Wyoming County against his wife, Virginia Hammond, petitioner herein. The bill of complaint in the divorce suit was amended so as to embrace a prayer for partition of real estate owned jointly by the husband and wife. The real estate in question consists of several tracts or parcels, some of which real estate is improved and some of which is unimproved. The pleadings filed herein indicate that such real estate has an aggregate value of approximately $45,000.
In the divorce suit, Virginia Hammond filed her answer in the nature of a cross-bill. Testimony was taken before the court on behalf of the respective parties, and by a decree entered on September 12, 1958, a divorce was granted to Virginia Hammond upon her answer in the nature of a cross-bill.
The divorce decree contained provisions in relation to alimony and counsel fees and determined the ownership of various items of personal property. Thereafter the decree determined that the parties to the divorce suit were joint and equal owners of the real estate in question and proceeded to decree a partition or, in the alternative, a sale of such real estate as follows:
"And, it appearing that the parties have consented to, and desire, all of said real estate to be promptly divided between them, and if necessary, sold *523 by Commissioners of the Court so that proceeds of said sale may be divided, it is adjudged, ordered and decreed, that if said parties shall hereafter, in writing filed in this cause, waive reference to Commissioners to partition and lay off said real estate in kind, and consent to the sale of said property and division of the proceeds in lieu of partition in kind, D. Grove Moler and Clarence S. Worrell, who are hereby appointed Special Commissioners for the purpose, shall forthwith offer said real estate for sale at pubic auction to the highest bidder for cash upon such terms as said Commissioners shall deem best for the interest and welfare of the parties, after first advertising the same in a newspaper of general circulation in Wyoming County, West Virginia, and otherwise as they deem best, for at least three weeks prior to the advertised date of sale, and sell the same, reporting to the Court the amounts of such bids for such further action as the Court may deem necessary. And the Court being of the opinion that if the said parties do not file aforesaid consent and waiver in writing on or before the 22nd day of September, 1958, it is necessary to seek partition in kind and that it can only decree sale of said real estate should there be a finding that it cannot be partitioned in kind, doth appoint D. Grove Moler, C. S. Worrell and W. A. Davis, as Commissioners of Partition to lay off and divide said property in kind or to report to the Court the inability so to do."
The decree does not disclose that either party objected to the provisions relating to partition or sale of the real estate. It does disclose that Virginia Hammond, defendant in the divorce suit, objected to certain other aspects of the decree and as to these she indicated her intention to appeal to this Court.
Upon her motion, further proceedings were stayed for a period of sixty days and on October 1, 1958, she executed a proper stay bond.
On October 4, 1958, a decree was entered in the divorce suit making reference to the prior decree of September 12, 1958, and reciting the failure of Virginia Hammond "to waive the reference or appointment of commissioners to ascertain whether said real estate can be divided," and reciting further that "the court is of opinion that a sale can be made without reference to commissioners to ascertain whether said real estate can be divided, or not." The decree proceeded to direct the special commissioners to sell the real estate at public auction after prescribed advertisement and further provided that the original decree of September 12, 1958, be "set aside and held for naught insofar as it requires the parties to this suit to waive the right of the commissioners to sell said property."
The decree of September 12, 1958, and the decree of October 4, 1958, were entered during the regular September term of court. That term adjourned on October 18, 1958. Counsel for Carl W. Hammond insists that these decrees became final upon the adjournment of the regular term at which they were entered and therefore that they may not be assailed collaterally in this proceeding in prohibition.
On November 12, 1958, as disclosed by a decree of that date, the parties appeared by counsel, and counsel for Virginia Hammond moved the court "to vacate and set aside" the decree of October 4, 1958, to the extent that it directed a sale of the real estate, on the ground that said decree was inadvertently entered after the defendant had given a suspension bond preparatory to making application to the Supreme Court of Appeals of West Virginia for an appeal in this cause. This motion was opposed on the ground that Virginia Hammond had previously appeared before the court, consented to the proposed sale of the *524 real estate and waived objection to any irregularities in relation thereto. The decree directed the special commissioners to proceed with the proposed sale, from the proceeds of sale to pay certain lien indebtedness and taxes, and to retain the remainder of the proceeds of sale pending the outcome of the application of Virginia Hammond for an appeal.
Virginia Hammond predicates her prayer for a writ of prohibition on the ground that the court had no authority or jurisdiction to enter further decrees relating to sale of the real estate during the effective period of the stay of further proceedings granted in order to enable her to apply to this Court for an appeal; and upon the further ground that she did not at any time waive her right to insist upon a proper determination by commissioners whether or not the real estate was susceptible of partition in kind.
Carl W. Hammond, in opposition to the granting of a writ of prohibition, asserts that the decrees entered during the regular September term of court became final upon the adjournment of that term and therefore that they are not subject to collateral attack; and also that Virginia Hammond appeared before the court, consented to the sale of the real estate under court decree, and waived any irregularity in the decrees directing such sale.
We are of the opinion that the circuit court had no jurisdiction in the divorce suit, with or without the consent of the parties, to decree a partition of the real estate owned jointly by them, or, in the alternative, to decree a sale thereof.
The jurisdiction of the court to entertain a suit for divorce was unknown to the common law. It exists purely by virtue of statute. By Section 6, Article 2, Chapter 48, Code, 1931, the circuit court, on the chancery side thereof, is granted jurisdiction in suits for divorce, but jurisdiction in such suits is defined and limited by pertinent statutes. State ex rel. Cecil v. Knapp, W.Va., 105 S.E.2d 569; Smith v. Smith, 134 W.Va. 448, 59 S.E.2d 894; MacCorkle v. Bouchelle, 132 W.Va. 409, 52 S.E.2d 233; State ex rel. Watson v. Rodgers, 129 W.Va. 174, 39 S.E.2d 268; Taylor v. Taylor, 128 W.Va. 198, 36 S.E. 2d 601; Nield v. Nield, 126 W.Va. 430, 28 S.E.2d 825; Parks v. Parks, 109 W. Va. 138, 153 S.E. 242; White v. White, 106 W.Va. 569, 146 S.E. 376; Boger v. Boger, 86 W.Va. 590, 104 S.E. 49; Jennings v. McDougle, 83 W.Va. 186, 98 S.E. 162. "The jurisdiction of divorce causes is purely statutory, and the court possesses no powers in such cases involving matters of property beyond those conferred by statute, * * *" Foster v. Foster, 195 Va. 102, 77 S.E.2d 471, 474, 39 A.L.R.2d 1397; Phillips v. Phillips, 106 W.Va. 105, 144 S.E. 875; Selvy v. Selvy, 115 W.Va. 338, 177 S.E. 437; 27 C.J.S. Divorce § 291, page 1113.
By Chapter 48, Article 2, Section 19, Code, 1931, as amended, the court is given certain authority "with respect to the property of one spouse in the possession or control of the other." Everly v. Schoemer, 139 W.Va. 392, 80 S.E.2d 334, 336. By Section 15, Article 2, Chapter 48, Code, 1931, as amended, the legislature has defined what a court may do upon decreeing a divorce. That statute, after authorizing the court to make such further decree as it shall deem expedient concerning the maintenance of the parties, or either of them, concerning the care, custody, education and maintenance of minor children, and related matters, concludes as follows:
"For the purpose of making effectual any order or decree provided for in this section the court, or the judge thereof in vacation, may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient." (Italics supplied)
In the case of Selvy v. Selvy, 115 W.Va. 338, 177 S.E. 437, 439, the Court discussed *525 the history of the statute quoted immediately above and pointed out that, prior to its revision in 1931, the statute "gave the court almost unlimited control of the property of the parties in a divorce proceeding," but that the statute in its present form is "decidedly more restrictive." A portion of the syllabus of that case is as follows:
"In a suit for divorce under 48-2-15, Code, a circuit court has no jurisdiction to deal with the estates of the parties, save as it may be necessary to do so in order to make effectual its decree concerning the maintenance of the parties, or either of them, or the care and custody, education, and maintenance of minor children."
More recently this Court was called upon again to consider the statute in question, in the case of Wood v. Wood, 126 W.Va. 189, 28 S.E.2d 423. The second point of the syllabus of that case (with italics supplied) is as follows:
"Code, 48-2-15, confers on a court in a divorce suit power to make any order or decree concerning the estate of the parties, or either of them, as it may deem expedient, only for the purpose of making effectual any order or decree made in the case relating to the maintenance of the parties, or the custody and maintenance of their children."
From the statutory language and from the two prior decisions of this Court from which we have quoted above, we conclude that the circuit court was without jurisdiction in the divorce suit to partition the real estate owned jointly by the parties, or, in the alternative, to decree a sale thereof and a division of the proceeds. The proposed sale was not for the purpose of "making effectual" the decree of the court relating to alimony awarded to the wife. We have noted the commendable and painstaking efforts made by the trial chancellor and counsel to effect an amicable adjustment of the property rights of the parties. The parties, being sui juris, had a clear right to adjust their property rights by contract, including the right by contract to sell their jointly-owned real estate publicly or privately. It does not follow, however, that any contract or agreement of this nature, even if one were made, is sufficient to confer upon the court in a divorce suit a jurisdiction not accorded to it by statute.
Having determined that the circuit court lacked jurisdiction in this respect, we are of the opinion that such jurisdiction could not be conferred upon the court by consent of the parties, and that such lack of jurisdiction could not be waived by the parties or either of them. Jurisdiction of the person may be conferred by consent, but jurisdiction of the subject-matter of litigation must exist as a matter of law. West Virginia Secondary School Activities Commission v. Wagner, W.Va., 102 S.E.2d 901; State ex rel. Hinkle v. Skeen, 138 W.Va. 116, 75 S.E.2d 223, 230; State ex rel. Shawver v. Casto, 136 W.Va. 797, 68 S.E.2d 673; Sidney C. Smith Corp. v. Dailey, 136 W.Va. 380, 67 S.E.2d 523, 526-527; Hustead v. Boggess, 122 W.Va. 493, 12 S.E.2d 514, 515; Hall v. Ocean Accident and Guarantee Corp., 122 W.Va. 188, 9 S.E.2d 45; Anderson v. Anderson, 121 W.Va. 103, 1 S.E.2d 884; Nolan v. Guardian Coal and Oil Co., 119 W.Va. 545, 194 S.E. 347; Tsutras v. Farrar, 109 W.Va. 509, 155 S.E. 655; Town of Hartford v. Davis, 107 W.Va. 693, 150 S.E. 141; Robinson v. Engle, 107 W.Va. 598, 149 S.E. 836; State ex rel. Brannon v. Hudson, 95 W.Va. 183, 120 S.E. 921; Crowe v. Corporation of Charles Town, 62 W.Va. 91, 57 S.E. 330; Yates v. Taylor County Court, 47 W.Va. 376, 35 S.E. 24; Ohio River Co. v. Gibbens, 35 W.Va. 57, 12 S.E. 1093.
Lack of jurisdiction may be raised for the first time in this Court, and the Court of its own motion may take notice thereof. Backus v. Abbot, 136 W.Va. 891, 69 S.E.2d 48, 53; Grottendick v. Webber, 134 W.Va. 798, 61 S.E.2d 854, 857;
*526 Blosser v. State Compensation Commissioner, 132 W.Va. 112, 51 S.E.2d 71; McKinley v. Queen, 125 W.Va. 619, 25 S.E. 2d 763; Dawson v. Dawson, 123 W.Va. 380, 15 S.E.2d 156.
Inasmuch as the circuit court lacked jurisdiction in the divorce suit to decree a partition of the real estate owned jointly by the parties, or, in the alternative, to decree a sale thereof and a division of the proceeds, the decrees were to that extent void; and, being void, they are subject to collateral attack in this proceeding in prohibition. State ex rel. Cecil v. Knapp, W.Va., 105 S.E.2d 569.
For the reasons herein stated, this Court entered the order of December 16, 1958, awarding the writ of prohibition as prayed for.
Writ awarded.