STATE *ex rel.* HELEN BOWMAN COLLINS

*v.*

HONORABLE H. GUS MUNTZING, *Judge, Etc. et al.*

(No. 12689)

Submitted September 6, 1967. Decided October 3, 1967.

*Shores & Shores* and *H. G. Shores,* for relator.

No appearance for respondents.

CALHOUN, PRESIDENT:

In this prohibition proceeding instituted in this Court, Helen Bowman Collins, the relator, challenges the jurisdiction of the Circuit Court of Hardy County, in a divorce action instituted by her, to authorize and direct a sale at public auction by special commissioners appointed by the court of certain real estate owned by her.

In a divorce action instituted in the Circuit Court of Hardy County by Helen Bowman Collins against her husband, Roscoe Charles Collins, the court, by a final order entered on July 17, 1967, granted the wife a divorce from her husband; awarded to her custody of two minor daughters of the parties; required the husband to pay to the wife $50 a month as alimony and as support for the two infant daughters; required the husband to pay the costs of the action and an attorney fee in a specified amount to the wife's attorney; and directed a sale of real estate as hereinafter more fully explained. While the husband appeared in the circuit court in person and by counsel on the day the divorce was granted, the record does not disclose than an answer or any other pleading was filed in the case in behalf of the husband.

Prior to the separation of the husband and wife, they lived with their children in a house, situated in Hardy County, purchased for the price of $8,500, of which amount the husband paid $5,000 but, as we stated previously, the deed conveyed to the wife the legal title to the house and to the real estate on which it was situated.

The divorce order recites that, as a consequence of a conference held by the parties and their respective attorneys "it was stated to the court" that the parties had agreed upon a property settlement. It does no appear that the property settlement was

evidenced by any form of writing. The plaintiff did not seek a sale of the real estate but, on the contrary, in her complaint she asserts that "the plaintiff should be allowed to keep the same as a place of residence for herself and *she* children." Each of the parties was authorized by the order to remove his or her own personal property from the house, or to have any part of it sold at public auction in accordance with a sale provided for elsewhere in the order. As to the power of a court in a divorce action to compel a party to surrender possession of property which belongs to the other, see Code, 1931, 48-2-13 and 48-2-19, as amended.

The portion of the order which authorized a sale of the real estate at public auction by special commissioners appointed by the court is as follows:

"The real estate standing in the name of the Plaintiff near Durgon in Hardy County shall be sold at public auction to the highest bidder, and the net proceeds of the sale shall be divided equally between the Plaintiff and the Defendant.

\* \* \*

"For the purpose of carrying out this property settlement, K. C. VanMeter, Jr., and James E. Ansel, Attorneys for the respective parties, are hereby appointed Special Commissioners and directed to advertise the real estate in question for three successive weeks prior to day of sale, and sell the same on a date to be agreed upon by all parties, and they shall confer with the parties prior to advertising the property, if requested by either party said Special Commissioners shall include in the advertisement any personal property the parties desire sold. Sale of the personal property shall be for cash and the real estate on the usual terms of cash, or at the option of the purchaser one-third cash on day of sale, one-third in one year, and one-third in two years from day of sale, taking from the purchaser interest bearing notes for deferred payments with

approved personal security and withholding the legal title until property is fully paid for.

"Said special Commissioners shall report their actions hereunder to court and before proceeding shall give bond in the amount of $5000.00 *condition* according to law."

The Special commissioners executed a bond pursuant to the requirement of the court's order and advertised in a newspaper published in Hardy County that the real estate (and also certain personal property belonging to the husband) would be sold at public auction to the highest bidder on Saturday, August 12, 1967, at 10:00 o'clock a.m.

K. C. VanMeter, Jr., was attorney for the wife in the divorce action. At some time after the property was advertised for sale, he terminated that employment for reasons which are not here material. James E. Ansel was counsel for the husband. After the termination of Mr. VanMeter's employment, the wife employed another attorney who instituted this prohibition proceeding in this Court against Honorable H. Gus Muntzing, Judge of the Circuit Court of Hardy County, Roscoe Charles Collins, defendant in the divorce action, and against the special commissioners, K. C. VanMeter, Jr., and James E. Ansel, to prohibit them from proceeding further with the proposed sale of the real estate by the special commissioners under the order and direction of the court in the divorce action.

On August 8, 1967, a quorum of the judges of this Court entered a vacation order directing that a rule be issued, returnable before the Court at 10:00 o'clock a.m. on September 6, 1967, commanding and directing the respondents to show cause, if such they could do, why a writ of prohibition should not be awarded against them as prayed for by the relator in her prohibition petition. The order of this Court also directed that further proceedings in relation to the proposed

public sale of real estate be suspended pending the further order of this Court.

The respondents made no appearance in this Court in the prohibition proceeding by pleading, by presence of counsel or otherwise. On the return day of the rule to show cause, counsel for Helen Bowman Collins, the relator in the prohibition proceeding, appeared in person before this Court and submitted the case for decision on the prohibition petition with exhibits attached thereto and made a part thereof and upon a written brief of counsel filed in support of the prayer of the petition, but oral argument by counsel was waived by him.

Relying on *State ex rel. Hammond v. Worrell,* 144 W. Va. 83, 106 S. E. 2d 521, and upon prior decisions of this Court and other legal authorities cited in the opinion in that case, counsel for Helen Bowman Collins, the relator, contends that the Circuit Court of Hardy County lacked jurisdiction, in the divorce action, to order a sale of the real estate in question under the court's direction, even with the consent, approval and agreement of the parties to the divorce action. We agree with that contention.

The *Hammond* case involved a suit for divorce instituted by the husband. His bill of complaint was amended so as to embrace a prayer for partition or, in the alternative, sale of certain real estate owned jointly by the husband and wife. In a decree by which a divorce was granted to the wife on her answer in the nature of a cross-bill, and which required payment to her by the husband of alimony and counsel fees, the court proceeded to direct a sale of the real estate at public auction by special commissioners appointed by the court for that purpose. It did not appear from the record that either party objected to the proposed sale of the real estate under the court's order and direction.

In the *Hammond* case, a proceeding in prohibition was instituted in this Court in behalf of the wife

against the judge of the trial court and the relator's husband to prohibit a sale of the real estate by special commissioners under the decree of the court in the divorce suit for alleged grounds not material to be stated in this opinion. This Court awarded the writ of prohibition, not upon the grounds asserted in the prohibition petition, but rather the Court, on its own motion, raised the question of the jurisdiction of the trial court to direct the proposed sale of the real estate in the divorce suit, even in the absence of objection by either party and irrespective of their consent to and approval of such procedure.

In the *Hammond* case, the Court held that the jurisdiction of a court to grant a divorce was unknown to the common law and that such jurisdiction exists only by statute; and that though Code, 1931, 48-2-6, grants to circuit courts, on the chancery side thereof, jurisdiction of suits for divorce, such jurisdiction is defined and limited by statute. After reviewing pertinent statutes and many of its prior decisions, the Court held that the circuit court had no jurisdiction in the divorce suit to decree a sale at public auction of real estate belonging to the parties; that such jurisdiction could not be conferred on the court by consent or agreement of the parties; and that this Court was authorized to take notice of such lack of jurisdiction on its own motion. The writ of prohibition as prayed for was therefore awarded.

We recognize that it is not unusual for husbands and wives to make valid settlements of their property rights and that frequently such property settlements are approved by courts in connection with divorce proceedings. *Farley v. Farley,* 149 W. Va. 352, 141 S. E. 2d 63. In that case the property settlement agreement was in the form of a writing by the terms of which the husband agreed to "convey by deed" to the wife his interest in certain real estate owned jointly by the parties. Code, 1931, 48-2-19, as amended, provides that, upon decreeing a divorce, the court shall have power to

award to either party whatever of his or her property, real or personal, may be in the possession, or under the control, of or in the name of the other "and to compel a * * * conveyance thereof as in other cases of chancery". The written agreement of the husband in the *Farley* case to convey to his wife by deed his undivided interest in their jointly-owned real estate, and the authority given to the court by the statue referred to immediately above to require one party to a divorce proceeding to "convey" real estate to the other, present quite different situations from that in the present case in which the wife has complied with none of the legal essentials for a conveyance of or an agreement to convey the legal title to the real estate standing in her name.

Code, 1931, 48-2-15, as amended, dealing with alimony, custody and maintenance of children, contains a concluding sentence as follows: "For the purpose of making effectual any order or decree provided for in this section the court, or judge thereof in vacation, may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient." This Court has held in several cases that this statute confers power on the circuit court to make an order or decree concerning the estate of the parties, or either of them "only for the purpose of making effectual any order or decree made in the case relating to the maintenance of the parties, or the custody and maintenance of their children." *Wood v. Wood,* 126 W. Va. 189, pt. 2 syl., 28 S. E. 2d 423; *State ex rel. Hammond v. Worrell, supra,* pt. 2 syl. Inasmuch as the order of sale in the present case was not entered for the purpose of making effectual an order relating to the maintenance of the parties or the custody or maintenance of their children, we are not called upon to decide, and we do not decide, in what manner and to what extent a circuit court could "make any order or decree concerning the estate of the parties, or either of them," in circumstances contemplated by the statute. We merely decide that this statute is not applicable to the present case.

We are not aware of any statutory enactment or amendment which could be regarded as changing the principles decided in the *Hammond* case. While the Rules of Civil Procedure have been promulgated and made effective since the *Hammond* case was decided, we believe such rules do not touch the jurisdictional question here involved. R. C. P. 82 is as follows: "These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of actions therein."

For reasons stated in this opinion, a writ of prohibition is awarded.

*Writ awarded.*